# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

JAMES THOMPSON, RESPONDENT *v.* M. B. WHIT
NEY, APPELLANT.[1]

PLEADING—PROOF—VARIANCE—WHEN CURED BY AMENDMENT—
WHEN AMENDMENT MAY BE ALLOWED—SECS. 3001-3005 R. S. 1898
STATUTE OF FRAUDS—ORAL PROMISE TO PAY DIVIDEND WITHIN
ONE YEAR—VALID WHEN—SEC. 2835 C. L. U. 1888. DEMAND
AND REFUSAL—CONDITION PRECEDENT—CONTRACT ALLEGED—
DENIAL BY DEFENDANT IN ANSWER—AVOIDS NECESSITY OF
PROOF OF DEMAND—THIS ALTHOUGH DEMAND ALLEGED. AC-
TION AT LAW—EVIDENCE SUPPORTING FINDINGS—FINDINGS NOT
DISTURBED BY APPELLATE COURT.

*Pleading—Proof—Variance—When Cured by Amendment—When
Amendment may be Allowed—Secs. 3001-3005 R. S. 1898.*

Under Secs. 3001-3005 R. S. 1898 the trial court may permit an
amendment to the complaint in furtherance of justice and on
such terms as may be proper; and where the complaint al-
leged that certain goods were turned over to appellant as
agent and the proof showed that they were turned over to the
principal, it is such a variance as may be cured by amend-

[1] Whittaker *v.* Ferguson, 16 Utah 240 Cited.

ment and the trial court having offered to grant appellant time if he would make a showing of surprise by the amendment, but no time having been asked, and the record showing that there was no change in the issues as to appellant's promise and personal liability, he cannot now be heard to complain of the amendment.

*Statute of Frauds—Oral Promise to Pay Dividend Within One Year—Valid When—Sec. 2835 C. L. U. 1888.*

Under Sec. 2835 C. L. U. 1888, in force when the promise was made, an oral promise to pay a dividend, of a certain per cent., within a year, is valid and may be enforced.

*Demand and Refusal—Condition Precedent—Contract Alleged—Denial by Defendant in Answer—Avoids Necessity of Proof of Demand—This Although Demand Alleged.*

Where the nature of a plaintiff's claim is such that a demand and refusal become a condition precedent to a recovery but the defendant in his answer denies all liability under the contract alleged, and repudiates the same so that it is apparent that a demand would have been met with a refusal, proof of such demand is unnecessary, even though alleged in the complaint.

*Action at Law—Evidence Supporting Findings—Findings not Disturbed by Appellate Court.*

In an action at law, where the record contains evidence which supports each material finding of fact the appellate court has no power to determine whether or not such evidence preponderates.

(Decided June 8, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action upon a contract. Cause tried before the court without a jury and judgment rendered in favor of plaintiff, from which judgment defendant appeals. *Affirmed.*

*H. J. Dininny, Esq.,* for appellant.

The granting or denying a motion for a non-suit when

the decision is excepted to raises a question of law, and this court will examine the evidence. *Reese* v. *Mining Co.* 15 Utah, 453; 49 Pac. Rep. 824.

The agreement as to a dividend claimed by plaintiff to have been made by defendant, was within the provisions of · the statute of frauds, declaring an agreement void which by its terms is not to be performed within a year from the making thereof.

If the time from the making of the agreement to the end of its performance exceeds a year never so little the statute applied. Browne on the Statute of Frauds, Sec. 291.

The statute of frauds need not be specially pleaded. 79 Cal. Re. 525; 12 Am. St. Rep. 162–722; 36 Am. St. Rep. 473.

Part performance does not in law cure an agreement within the statute of frauds. 38 Am. St. Rep. 393; Browne on Statute of Frauds, Sec. 287; Opinion of Redfield, C. J. 28 Vt. 34.

The rule is that when the guarantee is not to pay an amount certain or at a time and place named, the guarantor is entitled to notice and demand before suit. *Gray* v. *Robertson*, 174 Ill. Rep., 242, 51 N. E. Rep. 248; *McCollum* v. *Cushing,* 22 Ark. Rep. 540; *Graff* v. *Simms*, 44 Ind. Rep. 262; *Weiler* v. *Henami*, 15 Ore. Rep. 28; 13 Pac. Rep. 614; *Worley* v. *Mowring*, 4 Ky. (1 Bebb) 254.

The court erred in permitting the plaintiff to amend his complaint at the close of the evidence against the objection and exception of the defendant.

When the allegations of the claim or defense to which the proof is directed is unproved, not in some particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the last two sections,

but a failure of proof.   Sec. 2354, Laws of Utah, 1888; Sec. 3003, R. S. Utah.

The plaintiff must recover upon the cause of action set out in his complaint and not on some other which may be developed by the facts.   *Reed* v. *Norton,* 99 Cal. 617, 619; *Johnson* v. *Moss,* 45 Cal. 514.

One way to determine whether the amendment sets up a new cause of action is to see if the plaintiff was defeated in his original cause of action the case set out by any amendment would be barred.   *Tustig* v. *R. R. Co.* 20 N. Y. Sep. 471; *Coby* v. *Ibert,* 25 N. Y. Supp. 998.

*H. C. Edwards, Esq.,* for respondent.

Where the relations between the parties are such that a demand and refusal are a condition precedent to the right of the plaintiff to maintain the action; a denial in the answer of the relation on which the action is founded will dispense with the necessity of an averment in the complaint or proof of a previous demand and refusal.   Ency. of Pleading & Prac., Vol. 4, p. 648; *Cox* v. *Delmas,* 99 Cal., 104; *Parrott* v. *Byers,* 40 Cal., 622; Am. & Eng. Ency. of Law, 2d ed., 209.

BARTCH, C. J.

This is an action upon a contract.   It was tried by the court, a jury having been waived, and the plaintiff recovered judgment against the defendant for the sum of $1,110, the principal sum being $800, and interest $310.   This appeal is from the judgment.

The first assignment of error, which we will consider, is the one respecting the amendment to the complaint, permitted by the court over the objection of the defendant. The original complaint, so far as material here, reads as

follows: "That on or about August 28, 1892, defendant sold to this plaintiff twenty shares of capital stock in the Salt Lake Implement Company, a corporation, of the par value of one hundred dollars ($100) each, and at the same time agreed with said defendant to pay him the first year as a dividend on said stock, forty per cent. of its face value, in cash, or eight hundred dollars ($800.)

That for and in consideration of the agreement by said defendant made to pay the plaintiff, as a dividend on said stock eight hundred dollars, the plaintiff turned over to the defendant as payment for said shares of capital stock in said Salt Lake Implement Company, goods, wares, and merchandise, invoicing two thousand six hundred and sixty-six dollars ($2,666.)

That the defendant has neglected and refused to pay plaintiff the said sum of eight hundred dollars or any part thereof, although demand has been made on him by plaintiff therefor.

At the trial, the proof developed the fact that the capital stock of the Salt Lake Implement Company was divided into shares of the par value of $10, each, instead of $100, as alleged in the first paragraph, above quoted, and an amendment, in this instance, was made to conform to the proof without objection. It was further shown by the proof that the goods, wares and merchandise were turned over to the Implement Company, instead of to the defendant, as was alleged in the second paragraph quoted. The court, against the objection of the defendant, permitted the complaint to be again amended so as to conform to the proof, and this action, it is contended was erroneous and prejudicial to the rights of the appellant.

We do not think this contention is well founded. The proof had established the facts that the appellant was the heaviest stockholder in the implement company and was

its vice-president and manager, and that the goods, wares and merchandise had actually been turned over and transferred to the implement company. This did not render the corporation liable on the appellant's personal guaranty, nor did it relieve him from any personal obligation to the respondent. The appellant, as shown by the evidence, was acting as agent for the corporation, and the goods were turned over, pursuant to agreement, and received by the party whom he intended should have them, and he shared in the benefits, if any, of the transaction, as the principal stockholder. The fact that the allegation in the complaint stated that the goods were turned over to the appellant, who was the agent in the transaction, while the proof showed that they were turned over direct to the principal, is not such a variance as cannot be cured by amendment. A court has power to permit such an amendment in furtherance of justice, and on such terms as may be proper. R. S., Secs. 3001–3005.

Upon allowing the amendment, the record shows, the court offered, if the appellant would make a showing of surprise, to grant him all the time he would need to meet the proposition put forth by the amendment. This was all he could ask, and not having requested time, and no change having been made in the issues respecting his promise and personal liability, he cannot now be heard to complain because of the amendment.

The appellant also contends that the court erred in refusing to grant his motion for a non-suit, made at the close of the plaintiff's testimony, on the grounds that there was a variance between the allegations of the complainant and the evidence; that the agreement, or guaranty, to pay the dividend within a year, not being in writing, was within the statute of frauds; and that there was no evidence of any demand.

The variance alleged, as the first ground for a non-suit, was rendered untenable by the amendment, and therefore was not fatal to a recovery, and did not warrant the court in granting the motion. The second ground on which the motion was based is equally untenable, because the oral promise of the appellant to pay the dividend, was to be performed within a year, which is the time limited by the statute then in force in such a case. Sec. 2835, C. L. U. 1888.

There is evidence tending to show, and the court found, that the promise or agreement was made as a part of the consideration for the respondent to turn over the goods, wares, and merchandise, and that the dividend of 40 per centum on the 200 shares of stock, which constituted the major portion of such consideration, was to be paid within the first year. This being so, and the respondent having performed his part of the contract, the mere fact that the appellant, in apparent violation of his promise, failed to pay over the dividend within the stipulated time, gives him no right to claim exemption under the statute of frauds. Nor do we think the third ground of his motion, that there was no evidence of any demand, is well founded.

The purpose of the rule which requires a demand, before bringing suit in certain cases, is to enable the party upon whom it is made to discharge his obligation, or perform his contract, without incurring the expense of a law suit.

Where then, as in the case at bar, the nature of the plaintiff's claim is such that a demand and refusal become a condition precedent to a recovery, and the defendant in his answer denies all liability under the alleged contract, or obligation, and repudiates the same, so that it is apparent that a previous demand would have been met with a refusal, proof of such demand is not necessary—not even though alleged in the complaint. In such case a demand

would be wholly useless, and the law never requires the performance of a useless thing.

Therefore, the appellant, having in his answer disclaimed all liability and entirely repudiated the respondent's claim, cannot be heard to object that no demand was proven. 9 Am. & Eng. Enc. of Law (2d ed.) p. 209; 4 Ency Pl. & Pr. p. 647-648 and notes; *Parrott* v. *Byers*, 40 Cal. 614; *Cox* v. *Delmas*, 99 Cal. 104.

From these considerations we are of the opinion that the court properly denied the motion for a non-suit.

It is also contended, in behalf of the appellant, that the court erred in its findings of fact, because, as is insisted, the same are not justified by the proof.

In reply to this contention, we deem it sufficient to say that the record contains evidence which supports each material finding of fact, and in such event, this being a case at law, we have no power to determine whether or not such evidence preponderates. *Whittaker* v. *Ferguson*, 16 Utah, 240.

We find no reversible error in the record. The judg- is affirmed with costs.

MINER, J. and BASKIN, J., concur.