## BRIXEN v. JORGENSEN et al.

No. 1856. Decided December 4, 1907 (92 Pac. 1004).

1. WATERS—IRRIGATION—WATER RIGHTS—SALE — COMPUTATION. A contract for a sale of land also provided for a conveyance of four shares of water to July 1st in each year, and two shares after that date. Two of the shares which continued after July 1st were first-class rights, and the two shares terminating on July 1st were third-class rights. Thereafter, an equalization of all the rights of the water corporation was had, whereby the first-class rights were increased five per cent. and the third-class rights reduced 33 1-3 per cent., and the sum of the shares, when so reduced and multiplied by 2, represented the amount of water each owner was entitled to in the corporation. *Held*, that the shares to which the vendees were entitled under such contract were 6.86 2-3, and not 6 2-3 shares as found by the trial court.

2. EVIDENCE—PAROL EVIDENCE—RECEIPT. A contract for the sale of land and water rights recited the receipt by the vendor of $850 in part payment; that the whole consideration was to be $3,000. The contract also contained an added note acknowledging receipt of payment on the agreement "down to $1,800." *Held*, that the contract, in so far as it recited the amount remaining unpaid, was only a receipt, and that parol evidence was admissible to show that the amount actually received was less than that stated.

3. VENDOR AND PURCHASER—TENDER OF DEED—NECESSITY. Where a contract for the sale of land only required tender of a deed on final payment, and it was alleged that defendants refused to make further payments because of their claim to more water than they were entitled to under the contract, a complaint to recover the unpaid portion of the price, and to foreclose the vendor's lien therefor, was not defective for failure to allege a tender of the deed.1

4. APPEAL—REVIEW — DISPOSITION OF CAUSE — REVERSAL IN PART. Where, in a suit to recover the balance of the purchase price of land and to foreclose a vendor's lien, it appeared that the parties were at variance regarding the quantity of water sold, and that had plaintiff offered to deliver the true quantity to which defendants were entitled it would have been refused, but the court erred slightly in determining the amount of water to which defendants were entitled to their prejudice, and in refusing to allow damages for withdrawal of such excess over the amount defendants received, a decree in favor of plaintiff would be reversed only to the extent of the adjudication of such water rights, so as to permit defendants to recover the actual amount to which they were entitled, together with damages.

1 Thompson v. Whitney, 20 Utah 1, 57 Pac. 429.

APPEAL from District Court, Salt Lake County; C. W. Morse, Judge.

Action by Johannah Brixen against Elsa Jorgenson and another. From a judgment for plaintiff, defendants appeal.

REVERSED WITH DIRECTIONS.

*S. P. Armstrong* for appellants.

*Max Brown* and *W. H. King* for respondent.

FRICK, J.

The subject-matter of this action has been before this court in another form as appears from 28 Utah 295, 78 Pac. 674, 107 Am. St. Rep. 720. The action then was one of ejectment by this plaintiff against these defendants, and was based upon the theory that the contract upon which this suit is based had been violated by the defendants, so that the plaintiff might rescind it, and be repossessed of the land and water right— the subject-matter of the contract. This right was denied to the plaintiff by this court, and she now sues to recover the unpaid purchase price, and, in default of payment thereof, to subject the land to sale as upon a foreclosure of a mortgage or vendor's lien. The contract sued upon, and under which the defendants went into and are in possession, was produced at the trial by the defendants, and is in form both a receipt and contract, and, so far as material here, reads as follows: "Received of Soren K. Jorgensen the sum of eight hundred and fifty ($850) dollars cash in part payment for about four and one-half ($4\frac{1}{2}$) acres of ground together with all improvements thereon and four (4) shares of water to July 1st of each year and two shares of water after the first day of July of each year, said land being situate . . . to be more fully described in deed and abstract showing good title which is to be delivered upon final payment. The whole consideration is to be three thousand ($3,000) dollars, the balance or remaining sum of twenty-one hundred and fifty dollars is to be paid as follows, to wit: Six hundred and fifty ($650) dollars on or before March 1, 1902, and fifteen

hundred ($1,500) dollars on or before March 1, 1905; all deferred payments are to draw six per cent. interest, payable quarterly. Possession is to be given to said Jorgensen upon the payment of the further sum of six hundred and fifty ($650) dollars above set forth to be March 1, 1902. Johannah Brixen. Received payment on this agreement down to 1,800 dollars. Johannah Brixen."

The plaintiff alleges in her complaint that there was due as principal and interest on the contract the sum of $2,088.33, and for taxes and insurance paid by her for the use of the defendants the further sum of $72.40, making the whole amount due for which she prayed judgment the sum of $2,160.73, with accrued and accruing interest. The defendants answered jointly, but we shall hereafter deal only with the defendant Soren K. Jorgensen, as the contract was made with him alone, and the other defendant was made a party only because she was the wife of the principal defendant, and thus had a dower claim in the premises. The answer contained a copy of the contract above set forth, but denied that the amount claimed by the plaintiff remained unpaid thereon; alleged the failure of the plaintiff to furnish the defendant an abstract of title and with a failure to deliver the amount of water called for by the contract, and pleaded various matters as counterclaims. Upon a trial to the court, findings and conclusions of law were made in favor of the plaintiff, and a judgment rendered in her favor for the sum of $2,295.07, and, in default of payment, the property was ordered sold as upon a decree of foreclosure of a mortgage. The plaintiff was also required to furnish the defendant with a complete abstract showing title in the plaintiff, and, upon receipt of the money, to deliver to the defendant a good and sufficient deed warranting the title to the property. From these findings and decree the defendant appeals.

We will notice only such errors as we deem material. The first one to be noticed is that the court erred in computing the amount of water that should be delivered by the plaintiff to the defendant under the terms of the contract. That clause of the contract, which relates to the amount of water, is as

follows: "And four shares of water to July 1st of each year and two shares of water after the first day of July of each year." Under this clause, the defendant, in the answer, averred that the water right sold was intended by the parties to mean four acres of water to July 1st, and two acres thereafter, and that this amounted to much more water than the plaintiff had delivered, or was willing to deliver, under the contract. The court, however, found that "shares" and "acres" were synonymous terms, and that they were used interchangeably. In view of this we shall not consider this particular matter further. The evidence further tended to show, and the court so found, that after the contract was entered into the water rights were incorporated, and that certificates were issued to each owner of a water right, in accordance with a certain amount fixed by arbitration proceedings had between the parties in interest. It also appeared that the plaintiff's water right, and that sold to the defendant, were what is known as part primary and part surplus or secondary; that is, the two shares continuing on after July 1st of each year were, as the witnesses termed it, "first class," and the two shares running to July 1st only were "third class." When the translation was made by the incorporation of the water rights, all the water was made first class, but in order to reach an equitable distribution the third-class rights were reduced 33 1-3 per cent., and the first-class rights increased five per cent. When the different classes had been reduced to these terms, the sum of the two, when multiplied by 2, represented the shares of water each owner was entitled to in the corporation. That this was the basis for ascertaining each owner's rights under the corporation all agree, but they differ only as to the result when the computation is made upon this basis. In view that the amount sold by plaintiff is fixed and certain, and the basis from which the amount that the defendant was entitled to under the change is likewise certain, the whole matter must be capable of mathematical demonstration. Applying the rule as stated above, what amount of water as represented by the shares in the corporation is the defendant entitled to under his con-

tract? Certainly no more nor no less than the plaintiff agreed to sell him with the land. The plaintiff agreed to sell two shares of first class and two shares of third class. Reducing the first class to shares in the corporation, there must be added five per cent. Adding this five per cent. to the two acres of first class would yield 2.10 shares. Reducing the two acres of third class to make it first class 33 1-3 per cent. would give us 1.33 1-3 shares. We now add these two, which gives us 3.43 1-3 shares; and by multiplying this sum by 2, as we are required to do under the basis agreed upon, the result is 6.86 2-3 shares. The court however, allowed only 2-3 shares to the defendant. Plaintiff's counsel insists that the defendant was entitled to only 6.10 shares, but that the plaintiff was willing, and offered at the trial, to deliver to him 6.65 shares. How the court or counsel arrived at these results, in view that there seems to be no dispute with regard to the basis upon which the amount when expressed in shares in the corporation is to be ascertained, we are at a loss to understand. As we view it, there is no escape from the result above given, since it presents but a mathematical problem, easily solved. We therefore can arrive at no other conclusion than that the court erred in determining the amount of water the defendant is entitled to under the contract. While the difference between what the court allowed and what the defendant is actually entitled to is not much, it is yet a substantial difference, and one that in this arid region may be of considerable value. But the defendant is entitled to it whatever its value.

The next assignment is based upon the admission of evidence. It will be observed that the receipt or contract acknowledges the receipt of payment of a certain sum, and also states that a certain sum remains unpaid. At the trial the plaintiff was permitted to prove that the $3,000 expressed in the contract was not the actual consideration, but that $2,500 was the true consideration for the land. She was further permitted to prove, over defendant's objection, that in order to reduce the $3,000 expressed consideration to the true consideration a credit was given of $500, and that in ad-

dition to this the defendant was to pay $350 in cash at the time the contract was made, which would make the $850 mentioned in the contract as having been received; and that the defendant did not in fact pay the $350 at the time the contract was made, but that she got only $50 on that date, and that the defendant thereafter made payments at different dates, so that the purchase price was reduced to the sum of $1,800, which amount was claimed as unpaid, with accrued interest. Defendant's counsel urges that it was error to permit the plaintiff to prove by parol that the plaintiff did not actually receive the money acknowledged to have been received in the contract. This claim is based upon the ground that the instrument was not only an acknowledgment of the receipt of money, but that it was more, in that the instrument was a contract, and expressly stated that the amount remaining unpaid was $2,150, which was to be paid as stated therein. This statement of the amount remaining unpaid counsel contends amounted to more than a mere acknowledgment of the receipt of money, but that it was in its nature contractual, and cannot under well-established rules of evidence be varied by parol. To this conclusion we cannot yield our assent. It is true that even in what purport to be mere receipts there may be embodied stipulations that are in their nature contractual, and that the rule that forbids written contracts or obligations to be varied by parol applies to such stipulations with full force. But it is equally well established that the rule applies only to those parts of a receipt that are in fact contractual, and not to that part, if the writing be twofold, that is a mere receipt or acknowledgment of payment. This we think is well illustrated and happily expressed in the case of *Rhine v. Ellen*, 36 Cal. 371, where the court states the rule in the following language:

"The words of conveyance of land are the operative words of the contract, and constitute the contract itself. But the acknowledgment of payment of the consideration, and of its *amount*, are but the acknowledgment of the existence of facts. The former cannot be contradicted, but the latter may be shown to be otherwise than as acknowledged." (Italics ours.)

This doctrine is illustrated, applied, and affirmed with regard to various kinds of instruments in the following well-considered cases: *Goodwin v. Goodwin*, 59 N. H. 548-550; *Smith v. Holland*, 61 N. Y. 635; *Colo. School, etc., Co. v. Ponick*, 16 Colo. App. 481, 66 Pac. 458; *Morris v. St. P. & C. Ry. Co.*, 21 Minn. 91.

It seems clear to us that, if the statement that the amount remaining unpaid had not been expressed in the contract counsel would not now assert that it would have been error to simply show what was paid and what remained unpaid thereon. To so contend would amount, in effect, to the assertion that a mere receipt cannot be contradicted by parol, and that one may not show a breach of a contract contrary to the acknowledgment of the receipt of money stated therein. In the contract in question, the statement of the amount remaining unpaid, in effect, was a statement of a mere conclusion deduced from other facts. If the amount acknowledged to have been received had not been actually paid, then the balance of the consideration remaining unpaid upon the contract would be ascertained by a mere process of subtraction. Can it reasonably be contended that by simply stating it in terms it became an obligation different from what it would have been if it had not been expressed? When the true consideration was agreed upon, and a part of it actually paid, then the difference between the two would be the amount due. But if the part acknowledged to have been *received had not been actually paid*, then a larger sum would remain due upon the contract. To prove this fact would not change nor affect the amounts that were to be paid in the future, but it would only affect that portion which was to be paid in cash forthwith. This in no sense would be adding to the actual consideration agreed to be received and paid; it would leave that just as it was before, but would amount only to proving that the whole sum receipted for was not actually paid, and this would simply be proving the full amount due on the contract and thereby the extent of the defendant's breach in failing to make payment. This is well illustrated in the cases cited by counsel for the defendant. In all of them the

right to contradict a mere receipt by parol is admitted, but the instruments passed on in those cases were not mere receipts. Many of them involved settlements and compromises, and the instruments passed on constituted the evidence of these things in the form of releases stating in terms the consideration which was the basis of settlement or compromise. In all of that class of cases the amount stated is contractual, and the attempt to prove by parol that in addition to the consideration mentioned in the instrument there was also an oral promise to pay an additional or other consideration, or a promise to yield or perform other things than those mentioned, cannot be permitted. We are not now dealing with such a case. There was no attempt in this case to prove that a consideration, in addition to or different in kind from that mentioned in the contract, was promised, and sought to be recovered. The only matters that were proved, and that the court permitted to be shown, were the true amount of the consideration and that which had not been paid, although an acknowledgment of the receipt of payment was stated in the contract. This falls far short of varying the contractual stipulations of a contract by parol. We therefore conclude that the trial court committed no error in this regard.

The next assignment is couched in the following language: "The court erred in overruling appellant's objection to the introduction of testimony, made on the ground that the complaint does not allege the tender of a deed before bringing suit." In *Freeson v. Bissell,* 63 N. Y. 168, the court, in effect, held that an action to subject premises to a vendor's lien may be maintained without first tendering to the vendee a deed for the premises sold. In that case the complaint did not even proffer a deed. The reason for the holding in that case is based upon the analogy between such a case and one for specific performance, and, in the latter class of cases, many courts have held that an action may be maintained without first tendering a deed. Among other cases we cite the following: *Crarey v. Smith,* 2 N. Y. 65; *Pittinger v. Pittinger,* 3 N. J. Eq. 156; *Brock v. Hidy,* 13 Ohio St.

310; *Brown v. Eaton*, 21 Minn. 409; *Hawk v. Greensweig*, 2 Pa. 295; *Seeley v. Howard*, 13 Wis. 377. In this connection we remark further that under the terms of the contract an abstract of title and a deed were to be delivered only upon final payment of the whole purchase price. While the defendant was given possession before, he was to obtain title only upon full, payment. It has been held (13 Wis. 371, supra) that in such case the duty to offer payment and to present a deed for execution to the vendor lies with vendee. This precise question is, however, not involved in this case, and we therefore express no opinion upon it. In any event, under the contract, the final payment of the purchase price and the delivery of the deed and abstract were mutual, concurrent, and dependent acts. This being so, neither one of the parties could ordinarily place the other in default without offering or tending performance on his part. But this rule is not enforced with such inflexibility that a tender in fact must be made in all cases and under all circumstances. The authorities are abundant that where the conditions are such that one of the parties refuses to perform in any event, or that if his conduct be such that it is manifest that he would still refuse, although an actual tender were made, then an actual tender may be dispensed with. In *Brock v. Hidy*, 13 Ohio St. 310, the doctrine is tersely stated in the following langauge.

"When the party places himself in such a position that it appears if the tender were made its acceptance would be refused, then no tender need be made. . . . To this effect the authorities are very full."

The doctrine is recognized by this court upon the question of demand as a condition precedent to a right of action in the case of *Thompson v. Whitney*, 20 Utah 1, 57 Pac. 429; *Brown v. Eaton*, 21 Minn. 409. The evidence in this case brings it clearly within this doctrine. It clearly appears that the defendant disputed the amount due on the contract, and that he at all times demanded much more water than he was entitled to under it. The testimony is to the effect that at different times he declared that he would not pay, unless and

until the plaintiff delivered to him the quantity of water he demanded. Under such circumstances, it is reasonably clear that he would not have paid plaintiff's demand, as the court found it to be, even though she had tendered him a deed and abstract of title, and offered to deliver the amount of water the court found to be due him under the contract. The tender would thus have been a useless ceremony, and even in law, much less in equity, that which is useless to offer or do is not required. This assignment must therefore be overruled.

We have had some difficulty, however, in determining just what would be the just and equitable disposition of the case in view of the error committed by the court in not awarding to the defendant the quantity of water to which he is entitled under the contract. Were it not for the fact above stated, that the defendant would have refused to comply with the contract with regard to the payment although the plaintiff had tendered a deed and offered him the quantity of water found to be due him in this opinion, the case would have to be reversed for a retrial. This would be upon the ground that the plaintiff would have no right to foreclose her vendor's lien until she had delivered, or offered to deliver, the water she sold with the land and the whole thereof. But in view that the parties were thoroughly at variance with regard to the quantity of water sold and to be delivered, and the plaintiff had actually delivered, and the defendant had used all that the plaintiff believed was due to the defendant, and that an offer of the true quantity, as we have herein found it to be, would have been refused by the defendant, we do not think it would at all be consonant with equitable principles to turn the plaintiff out of court upon this ground. It is clear to us that, under the circumstances, the ultimate rights of both parties had to be determined by some court, although the mutual obligations were expressed in the contract. We think, therefore, that the plaintiff had a right to plant her action just as she did do, and the court had the power to adjust the rights arising out of the contract between the parties, and to de-

termine what each was required to do or yield to the other. The court did just this, as it understood the rights of the parties. It erred, however, in not awarding to the defendant quite all to which we have found him entitled under the contract. But in view that the parties already have had considerable litigation over the subject-matter, and in view that the rights of both parties may be preserved and injustice inflicted on neither by so doing, we shall not reverse the whole case for another trial. We have had less hesitancy in arriving at this conclusion, because it appears both from the pleadings and proof that the matters in dispute between the parties were thoroughly known to each, and the court gave them ample opportunity to litigate them so far as the rules of practice and law permit this to be done. In view however, that the defendant in his answer claims some damages upon the ground that he had not obtained all the water, and which claim the court in effect disallowed, for the reason that it found that the defendant had in fact obtained all the water he was entitled to—but which we have found to be erroneous —the defendant is entitled to have this claim considered by the court. He is entitled to have the question of damages he may have sustained, if any, for his failure to have the .20 or one-fifth of a share of water, which we have found to be due him in excess of that awarded to him by the trial court, passed on and determined. The case is therefore remanded to the district court, with directions to set aside the decree and to modify its findings in accordance with the views herein expressed; to permit the defendant to show, if he elects to do so, what, if any, damages he has sustained in not obtaining the water to which the one-fifth of a share entitled him, if in fact he did not obtain it, and to allow the plaintiff to rebut this claim, and to make findings thereon, and, in case any damages are so found, to deduct the amount found due the plaintiff, and to modify the findings in that regard; to require the plaintiff to tender to the defendant a proper certificate entitling him to the 6.86 shares of water from the corporation, an abstract of title and a deed of conveyance as provided in the contract, and to enter a de-

cree conditioned as follows: That the defendant pay or cause to be paid to the plaintiff, upon the tenders being made as aforesaid, the sum of money found due to the plaintiff from defendant within a reasonable time fixed by the court, and in case said sum of money, with accrued interest to the date of payment, is paid within the time fixed by the court, and that fact is made to appear, then the judgment shall be canceled and satisfied, otherwise, that the premises be sold as upon execution, and the proceeds derived therefrom, so far as necessary, be applied to the amount found due to plaintiff, with the right of a deficiency judgment, as provided by law.

Under the peculiar circumstances of this case, the court is further directed to modify its judgment with respect to costs, and to require each party to pay the costs incurred by each. But in case a sale of the premises is ordered, the defendant shall be required to pay all the costs and expenses of sale. In all other respects the findings and decree are approved. The defendant to recover costs of this appeal.

McCARTY, C. J., and STRAUP, J., concur.