## HOSKINS, APPELLANT, *v.* NORTHERN PACIFIC RAILWAY CO. ET AL., RESPONDENTS.

(No. 2,674.)

(Submitted June 17, 1909. Decided July 3, 1909.)

[102 Pac. 988.]

*Personal · Injuries—Railroads—Postal Clerks—"Passengers"—Burden of Proof—Excessive Speed—Complaint—Cause of Accident— Surplusage, When— Costs— Memorandum— Sufficiency—District Court Rules—Construction.*

Personal Injuries—Railroads—Postal Clerks—"Passengers."
1.   Postal clerks, when carried by a railway company under an arrangement with the United States government with reference to the transportation and handling of mail, are "passengers."

Same—Postal Clerks—Passengers—Burden of Proof.
2.   Where, in an action against a railroad company by a railway postal clerk for injuries sustained while off duty, caused by the derailment of a train, plaintiff elected to rest his case without offering any testimony as to the cause of the derailment, the burden was on him to prove that he was a passenger, and it was incumbent on him to show, either that defendant was under a specific contractual or statutory obligation to the government to carry him in the mail-car where he was at the time, or that defendant recognized a request for transportation when he was off duty.

Same—Railroads—Excessive Speed—Proximate Cause.
3.   The running of a railway train, when late, at a speed of forty-five miles per hour, is not *per se* excessive, and the fact that the schedule time was about twenty-four miles per hour is of no importance in determining whether the carrier's alleged negligence in this regard was a proximate cause of a derailment.

Same—Passengers—Cause of Derailment—Complaint—Surplusage.
4.   Plaintiff, in an action against a railway company for injuries suffered while being transported as a passenger, need not allege or prove in his affirmative case the particular cause of a derailment; therefore, allegations of specific causes of the accident should be treated as surplusage, and he may rely upon his *prima facie* case without attempting to substantiate them.

Same—Pleadings—Sufficiency—How Determined.
5.   The sufficiency of a pleading must be determined from the facts from which the legal duty or liability is deduced.

Same—Railroads—Cause of Derailment—Pleading and Proof.
6.   In a personal injury action against a railway company where proof of the specific cause of derailment of a train is necessary to fix a liability upon defendant, the failure of plaintiff to make *prima facie* proof of one, at least, of the grounds of negligence alleged in the complaint is fatal, and proof of some other ground will not supply the defect.

Costs—Memorandum—Verification—Sufficiency.
7.   An affidavit to a memorandum of costs made by one of defendant's attorneys, stating that the memorandum was true and correct, and the

items were reasonable, and necessarily incurred in defense of the cause, to the best of his knowledge and belief, substantially complied with section 7170, Revised Codes.

District Courts—Rules—Construction—Review.
8.   It is within the province of the district court to construe its own rules, and the supreme court will not interfere therewith, unless the construction is clearly unreasonable and erroneous.

Same—Rules—Costs—Number of Witnesses.
9.   Under a rule of the district court that in all civil actions not more than five witnesses should be examined as to "any question of fact or issue in the cause," the phrase quoted *held* to refer to any single, substantial allegation of the pleadings on which an issue is raised, and not to the ultimate fact to be determined; therefore where several grounds of negligence were alleged by plaintiff in a personal injury action against a railway company, he could not complain that defendant, on nonsuit, was allowed costs of witnesses brought into court to disprove such allegations.

Costs—Verified Memorandum—*Prima Facie* Evidence of Correctness.
10.   A verified memorandum of costs is *prima facie* evidence of the correctness of the items of disbursements enumerated therein.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Henry E. Hoskins against the Northern Pacific Railway Company and another.   From a judgment for defendants, plaintiff appeals.   Affirmed.

*Mr. John J. McHatton,* for Appellant.

Plaintiff having been in the employ of the government, and having transportation over the road, was a passenger entitled to all the protection which the railroad company was obliged to provide for its passengers.   (6 Cyc. 542; *Union R. & T. Co.* v. *Shacklet*, 119 Ill. 232, 10 N. E. 896; *Little Rock & Ft. Scott Ry. Co.* v. *Miles,* 40 Ark. 298, 48 Am. Rep. 10; *Waterbury* v. *New York Cent. Ry. Co.,* 17 Fed. 672, 21 Blatchf. 314; *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Carpenter,* 56 Fed. 451, 5 C. C. A. 551; *Indiana & St. L. R. Co.* v. *Horst,* 93 U. S. 291, 23 L. Ed. 898; *Everett* v. *Oregon etc. Ry. Co.,* 9 Utah, 340, 34 Pac. 289; *Yeoman* v. *Contra Costa S. N. Co.,* 44 Cal. 73; *Cleveland etc. Ry. Co.* v. *Ketcham,* 133 Ind. 346, 36 Am. St. Rep. 550, 33 N. E. 116, 19 L. R. A. 339.)   Under our statute, the defendant was bound to the exercise of the highest degree of care for the safe transportation of the plaintiff.   The plaintiff's evidence

showed that the train was running at a high rate of speed, and that the train was derailed resulting in injury to him,—he being a passenger. This created a *prima facie* case for him, because railroad trains operated with the usual care do not, as a matter of fact, become derailed. (*Ryan* v. *Gilmer*, 2 Mont. 517, 25 Am. Rep. 744; Patterson's Railroad Accident Law, p. 438; 5 Am. & Eng. Ency. of Law, 2d ed., p. 627, and notes; *Dempster* v. *Oregon Short Line R. R. Co.*, 37 Mont. 335, 96 Pac. 717; *Hamilton* v. *Great Falls Ry. Co.*, 17 Mont. 344, 42 Pac. 860, 43 Pac. 713.)

That the mere running of a train at the excess of speed is no evidence of negligence in this case against the defendant is contrary to the evidence in the case and to the principles of law applicable thereto. It is a rule that the peculiar facts need not be stated. If they need not, and the complaint states the negligence of the defendant, we cannot conceive upon what theory the court could hold that a statement of ground not necessary compels proof of the surplusage, or that otherwise there is a failure of action. (*Cunningham* v. *Los Angeles R. R. Co.*, 115 Cal. 561, 47 Pac. 452; *Stendal* v. *Boyd*, 67 Minn. 279, 69 N. W. 899.) Under the facts in this case negligence is to be presumed. (*Libby* v. *Banks*, 110 Ill. App. 330; affirmed, 209 Ill. 109, 70 N. E. 599; *Kahn* v. *Triest-Rosenberg Cap Co.*, 139 Cal. 340, 73 Pac. 164; *Jensen* v. *Joseph B. Thomas*, 81 Fed. 578-589.) The plaintiff having made a *prima facie* case, the court erred in sustaining the motion for nonsuit. (*Stephens* v. *Elliot*, 36 Mont. 99, 92 Pac. 45.)

The motion to tax costs should have been absolutely sustained, and the costs should have been taxed against the defendants and not against the plaintiff in any part. The statute requires that the costs should be itemized. The costs here claimed are not itemized. (*Hotchkiss* v. *Smith*, 108 Cal. 285, 41 Pac. 304; *Crawford* v. *Abraham*, 2 Or. 163; *Wilson* v. *City of Salem*, 3 Or. 482; *Waite* v. *Vinson*, 18 Mont. 410, 45 Pac. 552; *Cole* v. *Ducheneau*, 13 Utah, 42, 44 Pac. 92; *Potwin* v. *Blasher*, 9 Wash. 460, 37 Pac. 710; *Garr* v. *Cranney*, 25 Utah, 193, 70 Pac. 853.)

*Mr. Wm. Wallace, Jr., Mr. John G. Brown,* and *Mr. R. F. Gaines,* for Respondents.

The case of *Pierce* v. *Great F. & C. Ry. Co.,* 22 Mont. 445, 56 Pac. 867, disposes of the contention that the proof of the wreck alone, under his pleading, puts the burden of proof upon the defendant.    (See, also, *Palmer* v. *Winona Ry.,* 78 Minn. 138, 80 N. W. 869; *Lincoln Co.* v. *Webb,* 73 Neb. 136, 119 Am. St. Rép. 879, 102 N. W. 258; *Gibson* v. *International Trust Co.,* 177 Mass. 100, 58 N. E. 278, 52 L. R. A. 928.)

Mere proof of high speed is not alone sufficient to charge a railroad company with negligence.    It may be evidence of negligence, when considered with all other circumstances, but it is not of itself negligence.    (2 Hutchinson on Carriers, sec. 926.)    No rate of speed is negligence *per se.*    (3 Elliott on Railroads, 2d ed., p. 337, sec. 1160, note 108.)    Before speed can be considered as negligence, it must have something in connection with it which makes it dangerous or unsafe.    (*Golinraux* v. *Burlington etc. R. Co.,* 125 Iowa, 652, 101 N. W. 465.) Outside of cities or towns, where, because of laws in the nature of ordinances forbidding it, presumptions of negligence might arise from a violation of those ordinances, no rate of speed, however great, is alone sufficient evidence to establish negligence.    (*Omaha Ry.* v. *Krayenbuhl,* 48 Neb. 553, 67 N. W. 447; *Chesapeake Ry.* v. *Clowes,* 93 Va. 189, 24 S. E. 833; *Tobias* v. *Michigan etc. Ry.,* 103 Mich. 330, 61 N. W. 514-518; *Southern Indiana Ry. Co.* v. *Messick,* 35 Ind. App. 676, 74 N. E. 1097; *New York Ry.* v. *Kistler,* 66 Ohio St. 326, 64 N. E. 130; *Dyson* v. *New York,* 57 Conn. 9, 14 Am. St. Rep. 82, 17 Atl. 137.)

MR. JUSTICE SMITH delivered the opinion of the court.

The complaint in this case alleges that plaintiff was a passenger on a passenger train of the defendant running between Garrison and Butte, Montana; "that the said defendant, through its negligence and lack of care, allowed its railroad tracks to become out of repair, and in an unsafe condition to operate its said trains over; that on the day plaintiff was injured its said

tracks in the neighborhood of the public road crossing, about one and one-half miles west of the Colusa smelter, were in a dangerous and unsafe condition, so that in running a train over the same there was danger of the said train breaking the rails and being ditched; that said rails were in an imperfect and unsuitable condition to be used as railroad rails at said place, as the plaintiff is informed and believes, and therefore alleges, and that the same were defective, in that the material out of which they were made was insufficient, and said rails were not properly placed upon the road so as to permit of the use of the same by the defendant company in operating its trains, and that, while the defendant was a common carrier as to the plaintiff, and plaintiff was rightfully riding in one of the cars of the defendant, at about 11:30 o'clock P. M. on May 1, 1908, the said defendant had in its employ one Frederick W. Lenzi, as its engineer, who was running said train; that the schedule time of said train, according to the rules of said defendant company, as plaintiff is informed and believes, and therefore alleges, was at the rate of twenty-four miles per hour; that at said time said train was behind its time, and the said engineer negligently and carelessly ran the same at the rate of forty miles an hour, and that on account of said rate of speed of said train, the same having two engines thereto attached, and on account of the condition of the rails of said railroad track and of said track, as hereinbefore alleged, the said train, or a part thereof, left said track at said point, and the engines and the car on which this plaintiff was riding went into the ditch, one of the rails of said track being broken, and causing said derailment and wreck; that the said defendant Lenzi is a resident and citizen of Butte, Montana, and had he exercised the care required of him, he would have seen the bad condition of said railroad, and would not have run said engine at said speed, and would have stopped said train or slowed up its speed, and thereby avoided said injury.'' Then follows an allegation that plaintiff suffered injuries. Defendants for answer denied that plaintiff was a passenger on the train, ''or was thereon in any other manner than as a licensee''; admitted that the train

was wrecked, but denied that the wreck was caused by any acts or omissions on their part. They then allege affirmatively that the wreck was caused by an explosion of dynamite, or some other highly explosive and dangerous material, placed upon the track without their knowledge or consent, by some person with criminal intent to wreck the train. Plaintiff denied the affirmative allegations of the answer.

At the trial the plaintiff testified: "I was on train No. 6 of the Northern Pacific Railway Company returning from extra duty to Garrison, and I had transportation on the train—it was government transportation—and I had the transportation with me. In going down to Garrison I was on extra duty working up what we call 'stuck mail,' or undistributed mail. My position was known as railway postal mail clerk." Plaintiff's counsel then read to the jury, seemingly without identification, and without objection, the following:

"1908.

"Postoffice Department, Office of the Postmaster-General, Washington, D. C., January 1, 1908.

"To whom it may concern:

"The bearer hereof, Henry E. Hoskins, has been appointed a railway postal mail clerk of the Northern Pacific Railway Company, which company is required to extend the facilities of their travel between the points named on opposite pages when on duty, and when traveling to and from duty. If fare is charged receipt should be given. Valid only when countersigned by general superintendent of the division railway mail service.

"GEORGE v. L. MEYER.

"Countersigned: ALEX GRANT, General Superintendent, R. M. S."

Indorsed on back, "Good only between Miles City and Spokane over Northern Pacific R. R."

The witness continued: "On the next page is a photograph of me. This trip that I made began at Logan. I went to Logan from here [Butte] and worked west from Logan to Garrison, and when I returned from Garrison and got into the

neighborhood of the Tivoli brewery, the train left the track, and I was injured. I figured the speed of the train to exceed somewhere in the neighborhood of forty-two or forty-five miles an hour. There were two mail clerks in the car. Mr. Paul Burt was the regular clerk in charge of the car. The distance from Garrison to Butte is 51 miles according to the Northern Pacific table. No. 6 should leave Garrison at 9:30 P. M. according to the regular time of the Northern Pacific Railway Company, and the regular time for its arrival in Butte was 11:30. I know the customary time for running over the road between Garrison and Butte is two hours." The foregoing is all of the testimony in the case, save that of Dr. Monohan as to the extent of plaintiff's injuries.

Defendants moved for a nonsuit "on the ground that there is nothing in the derailment of a train that creates a presumption of negligence in the case of this plaintiff; that there is no proof that plaintiff was a passenger; that there has been no proof of the allegations of excessive speed or negligence in respect of defective rails, and no proof of any of the particular negligence alleged in the complaint, and no proof that the defendant company had allowed its track to become out of repair or in an unsafe condition, and also upon the ground that the mere running at a speed in excess of the schedule time is not any evidence of negligence." The motion was granted, judgment entered for the defendants, with costs, and plaintiff appeals.

The status of a postal clerk is thus defined in 6 Cyc. 542: "Postal clerks, carried under an arrangement with the United States government with reference to the transportation and handling of mail, are passengers while thus being transported." (See, also, *Cleveland etc. Ry. Co.* v. *Ketcham*, 133 Ind. 346, 36 Am. St. Rep. 550, 33 N. E. 116, 19 L. R. A. 339; *Gulf, C. & S. F. Ry. Co.* v. *Wilson*, 79 Tex. 371, 23 Am. St. Rep. 345, 15 S. W. 280, 11 L. R. A. 486.) The defendants seem not to dispute the foregoing rule, but contend that, conceding that plaintiff was by occupation a postal clerk, there is no testimony to warrant the conclusion that the relation of passenger and carrier

existed between the parties at the time of the accident to the train. We think this point is well taken. As the plaintiff elected to rest his case without offering any testimony as to the cause of the derailment, the burden was upon him to prove that he was a passenger. It was incumbent upon him to show, either that the defendant company was under a specific contractual or statutory obligation to the government of the United States to carry him, or that the company recognized the request embodied in the photograph commission, relating to his transportation when he was off duty. If he had been in charge of the mail at the time of the accident, this obligation would not rest upon him, for the reason that section 4000, Revised Statutes (U. S. Comp. Stats. 1901, p. 2719), imposes upon railway companies carrying the mail the duty to also carry, without extra compensation, the person in charge of the same. Being off duty at the time, and having in his possession simply a request for transportation, he should have supplemented his case by showing that the defendant company was under either express or implied obligation to carry him, and that, too, in the place where he was, to-wit, the mail-car.

Defendants also contend that the motion for a nonsuit was properly granted, for the reason that having alleged specific grounds of negligence in his complaint, the plaintiff could not recover unless he proved one or more of them to have been the proximate cause of the derailment. The case of *Pierce* v. *Great Falls & C. Ry. Co.*, 22 Mont. 445, 56 Pac. 867, is relied on to sustain this contention. It is suggested by the plaintiff that he has brought himself within the rule seemingly there laid down, by proving the excessive speed of the train. But we cannot sustain him in this contention. A speed of forty-five miles per hour is not *per se* excessive, and the fact that the schedule time was about twenty-four miles per hour is of no importance. The train was late, and it is matter of common knowledge that the schedule time is not adhered to under such circumstances. This court held in the *Pierce Case* that proof of the derailment of a car, in consequence of which a passenger therein was injured, being ordinarily *prima facie* evidence of negligence on

the part of the common carrier, no necessity exists for the passenger to allege the particular cause of the accident. We adhere to this rule of pleading, and suggest the danger, and the absence of necessity, of departing from it. We suggest, also in this connection, that it is questionable whether this complaint contains any general allegation of negligence. The *Pierce Case* was undoubtedly decided correctly on the facts, and it was unnecessary to consider any question of practice. We hold that, as no duty rests upon a plaintiff, who is a passenger, to allege or prove in his affirmative case the particular cause of the derailment, allegations of specific causes in the complaint should be treated as surplusage, and he may rely upon his *prima facie* case without attempting to substantiate them. The sufficiency of a pleading must be determined upon the facts from which the legal duty or liability is deduced. (*Marvin Safe Co.* v. *Ward,* 46 N. J. L. 19.) In so far as the case of *Pierce* v. *Great Falls & C. Ry. Co., supra,* conflicts with these views, it is overruled. The rule of law therein announced does not apply to a case where there is no necessity for the plaintiff to make proof, in the first instance, of the specific cause of derailment, but only to those cases where such proof is necessary in order to fix a liability upon the defendant. In the latter instance a failure to make *prima facie* proof of one, at least, of the grounds of negligence specifically alleged in the complaint is fatal, and proof of some other ground will not supply the defect. (See *Georgia R. & B. Co.* v. *Oaks,* 52 Ga. 410; *Chicago & Alton R. R. Co.* v. *Rayburn,* 153 Ill. 290, 38 N. E. 558; *Santa Fe etc. Ry. Co.* v. *Hurley,* 4 Ariz. 258, 36 Pac. 216; *Gulf, C. & S. F. Ry. Co.* v. *Younger,* 10 Tex. Civ. App. 141, 29 S. W. 948; *Gurley* v. *Missouri Pac. Ry. Co.,* 93 Mo. 445, 6 S. W. 218; *Chicago B. & Q. R. R. Co.* v. *Grablin,* 38 Neb. 90, 56 N. W. 796, 57 N. W. 522; *Buffington* v. *Atlantic & Pac. R. R. Co.,* 64 Mo. 246; *Carter* v. *Kansas City etc. Ry. Co.,* 65 Iowa, 287, 21 N. W. 607; *Telle* v. *Leavenworth etc. Ry. Co.,* 50 Kan. 455, 31 Pac. 1076; *Woodward* v. *Oregon R. & N. Co.,* 18 Or. 289, 22 Pac. 1076; *McCain* v. *Louisville & N. R. R. Co.,* 13 Ky. Law Rep. 809, 18 S. W. 537.)

The supreme.court of Illinois, in *Weber Wagon Co.* v. *Kehl,* 139 Ill. 644, 29 N. E. 714, said: "It was sufficient to prove enough of the negligence charged to make out a case." The supreme court of Michigan, in *Thayer* v. *Flint etc. R. R. Co.,* 93 Mich. 150, 53 N. W. 216, said: "The allegation not proven must be regarded as immaterial." A demurrer to a complaint for insufficiency can only be sustained when the complaint fails to state any cause of action whatever. (*Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49.) In the case of *Raymond* v. *Blancgrass,* 36 Mont. 449, 93 Pac. 648, 15 L. R. A., n. s., 976, this court said: "The form in which an action is brought is of no consequence; nor does it matter that the complaint contains allegations not appropriate to the purpose sought to be attained. In determining the issue of law presented by a general demurrer to a complaint, or by any other appropriate method of raising the question—as here, by an objection to the admission of evidence at the trial, on the ground that the facts stated do not warrant any relief—matters of form will be disregarded, as well as allegations that are irrelevant or redundant; and if, in any view, the plaintiff is entitled to any relief the pleading will be sustained." Section 6714, Revised Codes, provides that a judgment of nonsuit may be entered by the court, upon motion of the defendant, when the plaintiff fails to prove a sufficient case for the jury. The motion for a nonsuit in this case was in the nature of a demurrer to the evidence, the defendants contending that, upon the facts proven, the plaintiff was not entitled to any relief, and the rule laid down in *Raymond* v. *Blancgrass, supra,* applies. As the complaint was simply the basis or foundation of plaintiff's proof, if it contained allegations sufficient to enable him to introduce testimony showing a liability on the part of the defendants, and he could, in the absence of the specific allegations, rest his case without proving the particulars in which the latter were negligent, then it seems to follow that, although he had made specific allegations of negligence, such allegations were immaterial, and should be disregarded.

At the date of entering judgment the defendants filed a "memorandum of costs" entitled in the court and cause, includ-

ing therein certain items of disbursements for clerk's fees, sheriff's fees, and witness fees and mileage. This memorandum was verified by one of defendants' attorneys as follows: "The foregoing memorandum of costs is true and correct, and the items are reasonable, and have been necessarily incurred in the defense of said cause, to the best of my knowledge and belief." Plaintiff moved to strike the memorandum from the files for the following reasons: "(1) That the same is not a memoranda of costs against this plaintiff made out and filed as required by law. (2) Because it is provided in Rule XI that: 'In all civil actions not more than five witnesses shall be examined as to any question of fact or issue in the case, nor shall the testimony of witnesses in excess of that number be introduced thereon. Upon application of [to?] the court, before the trial is begun, this rule may be relaxed by the court for special reasons.' That said rule was not relaxed by the court, and that under the plead-ings in this case there was but one issue upon which witnesses for the defendant could be used, to-wit, whether or not the defendant's train was blown from the track by dynamite or explosives. (3) That said memoranda contains the names of more than five witnesses, and if proper in other respects, the same, and no part of the charges therein, could be allowed by the court." The court overruled the motion. Plaintiff also filed certain objections to the memorandum, and to particular items therein, and requested that the costs be taxed. The court sustained plaintiff's objections to all claims for mileage on the part of defendants' witnesses, and taxed the costs at $350.30. The refusal of the court to sustain his other objections is assigned as error by the plaintiff. We think the memorandum is properly entitled, and that the affidavit attached thereto is in substantial compliance with section 7170, Revised Codes. It was within the province of the district court to construe its own rules, and this court will not interfere with such construction, unless it is clearly unreasonable or erroneous. Undoubtedly the phrase "any question of fact or issue in the cause" refers to any single, substantial allegation of the pleadings upon which an issue is raised, and not to the ultimate fact to be de-

termined. It is contended by the plaintiff that the only issue of fact in this case was whether the derailment was caused by an explosion of dynamite, but we cannot agree with him in this. In addition to proving the affirmative allegations of their answer the defendants were notified, by the plaintiff himself, to come into court prepared to disprove several alleged grounds of negligence set forth in the complaint, and plaintiff is not now in a position to complain that they did so. We think the court did not err in applying its rule, in view of the fact that the verified memorandum of costs was *prima facie* evidence of the correctness of the items of disbursements. (*King* v. *Allen,* 29 Mont. 5, 73 Pac. 1107; *Brande* v. *Babcock Hdw. Co.,* 35 Mont. 256, 119 Am. St. Rep. 858, 88 Pac. 949.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

