JUDITH INLAND TRANSPORTATION CO., RESPONDENT, *v.*
.WILLIAMS, APPELLANT.

(No. 2,431.)

.(Submitted October 8, 1907.   Decided October 21, 1907.)

[91 Pac. 1061.]

*Actions—At Law—In Equity—Theory of Case—Principal and
Agent—Pleadings—Demand—Instructions.*

Principal and Agent—Recovery of Money Collected by Agent—Accounting—
Pleadings—Theory of Case.
1.   Plaintiff company sued to recover moneys, collected by defendant
while acting as its agent, which he failed to pay over after demand.
By a second count, a sum of money, alleged to have been collected by
defendant for other parties, while acting as plaintiff's agent, but which
he neglected to forward to the persons entitled thereto and which
plaintiff was required to pay, was sought to be recovered. Full payment
of plaintiff's claim was pleaded by defendant, and judgment in a fixed
amount demanded by way of counterclaim.   There was no allegation
in the answer that an accounting was necessary and none was asked.
The action was tried as one at law to recover a money judgment. *Held,*
that the action was one at law and not a suit in equity for an ac-
counting.

Same—Nonsuit—Demand—When not Necessary.
2.   A motion for nonsuit made in an action by plaintiff, an express
and passenger .transportation company, to recover from its agent money
collected for it but not turned over, on the ground that proper demand
had not been pleaded or proved, was properly overruled, where the
complaint alleged `failure to pay, "although frequently requested by
plaintiff so to do," and where plaintiff's testimony disclosed some evi-
dence of a demand on plaintiff's part.

Same—Demand—When Unnecessary—Instructions.
3.   Where it appeared that defendant in the action set out in the above
paragraph had always claimed that plaintiff's demand had been fully
satisfied, and that, instead of being indebted to plaintiff, the latter
was indebted to him, no formal demand upon him for payment was
necessary; and in refusing an instruction charging that, in the absence
of an allegation that demand had been made, plaintiff could not re-
cover, was properly refused.

Appeal—Instructions—Refusal—When not Error.
4.   Error cannot be predicated upon the refusal of an instruction not
justified by the evidence.

◦ *Appeal from District Court, Fergus County; E. K. Cheadle,
Judge.*

ACTION by the Judith Inland Transportation Company against
C. H. Williams.   From a judgment for plaintiff, and an order

overruling a motion for a new trial, defendant appeals. Affirmed.

*Mr. Leonard De Kalb, Mr. E. W. Mettler,* and *Mr. O. W. Belden,* for Appellant.

*Mr. J. C. Huntoon,* and *Mr. E. G. Worden,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The nature of this action is put in issue in this court, although there seems to have been no such question raised by counsel in the court below. The defendant now claims that this is an equitable action for an accounting, while plaintiff contends that it is an action at law, to recover a money judgment, fixed in amount, as set forth and demanded in the complaint.

The first cause of action pleaded is to recover the sum of $1,748.31, being a balance of moneys collected by the defendant, while acting as plaintiff's agent, which defendant has failed to pay over, after plaintiff had "demanded from the defendant the payment of all moneys belonging to this plaintiff." By its second cause of action plaintiff seeks to recover the sum of $105, being the amount collected on several C. O. D. packages by defendant, which amount he failed to forward to certain express companies, as was his duty, and which amount of $105 plaintiff was compelled to and did pay to the said express companies.

Defendant by his answer avers that he has paid over to the plaintiff all moneys collected by him, except the sum of $96.38, which is still in his hands; and by way of counterclaim alleges that plaintiff is indebted to him in the sum of $922.81, balance due him as commissions on the business transacted by him for plaintiff, and demands judgment for that sum. The allegations of this counterclaim are all put in issue by the reply. Plaintiff had a verdict for $1,853.31, with interest, and from a judgment entered thereon, and an order overruling his motion for a new trial, defendant appeals.

We have carefully examined these pleadings. The cause was tried to the court sitting with a jury, to which all the issues were submitted. Defendant's counsel proposed certain instructions to the court to be given to the jury, and took exception to the action of the court in refusing them. There is no allegation in the answer that an accounting was necessary in order to arrive at the amount due the plaintiff, nor to ascertain how the accounts between the parties stood, and no accounting was asked for in the answer. Full payment of plaintiff's claim was pleaded, and judgment in a fixed amount demanded by way of counterclaim. We are clearly of opinion that this is an action at law to recover a money judgment, ascertained and certain in amount, clearly set forth in the complaint, and that the same was so regarded at the trial by counsel for the defendant, notwithstanding a remark of the learned trial judge, as shown in the record, that this is a suit for an accounting.

At the close of plaintiff's case, the defendant interposed a motion for a nonsuit, as follows: "If the court please, at this time the defendant moves for a nonsuit on the ground that the plaintiff fails to allege in his complaint any sufficient demand having been made, and he fails wholly to allege that a refusal to pay has been entered up by Mr. Williams, and for the further reason that the evidence in the case fails to cure this in this particular. There has been no definite amount mentioned by Mr. Mears demanded of Mr. Williams. Now, we take it that in a case of this kind those things are essential—are essential and necessary." By the phraseology of this motion the defendant's counsel shows that he regarded this as an action at law. In his brief the defendant argues that this motion should have been granted, because "there was no allegation of demand for a general accounting, and because no proof was introduced of any demand for a general accounting, or, indeed, proof of any sufficient demand to support a cause of action, for a money judgment, by a principal against an agent." It will be readily seen from the wording of the motion that it contains no reference to a general accounting. And, in so far as it relates to a demand for money, it is only

necessary to say that the motion for a nonsuit refers generally to both causes of action, and in its second cause of action plaintiff alleges "that the defendant has not paid said sum of $105, or any part thereof, to this plaintiff, although frequently requested by plaintiff so to do."

We think the complaint sufficiently alleges a demand in each cause of action. An examination of the testimony offered by the plaintiff discloses that there was some evidence of a demand under each cause of action, before suit brought. This disposes of the motion for a nonsuit.

But was a demand necessary? This brings us to a consideration of the instructions refused by the court. They are as follows: Instruction No. 4, requested by the defendant: "The jury are instructed that it is a material allegation of the complaint that the plaintiff demanded the amount sued for of the defendant before the institution of this action, and, unless you find by a preponderance of all the evidence that the plaintiff did make a demand of the defendant and apprise him of the amount due at the time of making such demand, then it will be your duty to find for the defendant." Instruction No. 3, refused by the court: "You are further instructed, if you find from all the evidence that the plaintiff made such demand, then you are instructed that it was incumbent upon him [it] to specify substantially the correct amount due at the time of making such demand, and that a demand from him [it] of a materially greater amount than he [it] claims to be due in its complaint in this action would vitiate such demand."

The testimony shows that the plaintiff company was engaged in the express and passenger business between Lewistown and Harlowtown, and that defendant was its agent at Lewistown. John L. Mears was the general manager of the plaintiff, and one Frank McKechnie was an employee of the defendant, Williams, and seems to have had general charge, as such employee, of the transportation company's business, with the knowledge and consent of Mears. McKechnie kept the books of the agency. There is testimony tending to show that, when Williams' agency

terminated, he failed to pay over to plaintiff the balance remaining in his hands of moneys collected by him. Williams' agency terminated about the middle of April, 1902, and this action was begun on March 25, 1903. It clearly appears from the testimony of the defendant himself, that he has always claimed that he had fully paid plaintiff all moneys collected for it by him, and that, instead of being indebted to plaintiff, the plaintiff was indebted to him. He pleaded this in his answer, and attempted to prove the same at the trial. Under these circumstances, no formal demand upon him was necessary.

In the case of *Walradt* v. *Maynard*, 3 Barb. (N. Y.) 584, the court said: "The legitimate object of a demand is to enable the party to discharge the liability agreeably to the nature of it, without a suit at law. If he denies the liability, or the right of the other to call upon him, a demand must be as unnecessary as it would be useless."

In the case of *Wiley* v. *Logan*, 95 N. C. 358, the court said: "A demand previous to bringing an action for money collected by an agent is to enable the latter to pay it over without incurring the cost of suit, for the principal must seek him, and not he the principal. But a demand is not required where the agency is denied, or a claim set up exceeding the amount collected, or the agent's responsibility is disputed in the answer." (See, also, *Ayer* v. *Ayer*, 16 Pick. (Mass.) 327, and Mechem on Agency, sec. 531.)

Our own court has passed upon the principle herein involved. In the case of *Christiansen* v. *Aldrich et al.*, 30 Mont. 446, 76 Pac. 1007, the court uses this language, in a case involving the specific performance of a contract: "It is said that the complaint is defective for failing to show a tender of the balance of the purchase money before the action was brought. It is undoubtedly the general rule that, if a part of the purchase price is still due and payable, the plaintiff seeking to have the conveyance compelled must allege and prove a tender of it, and bring it into court. But the rule is not invariable. An exception to it is where it is apparent from the pleading that a

tender would be useless. 'Where the vendor claims to have rescinded, repudiates, and denies the obligation of the contract, placing himself in such a position that it appears that, if the tender were made, its acceptance would be refused, then no tender need be made by the vendee.' "

The appellant has directed our attention to the case of *Anderson* v. *Hulme,* 5 Mont. 295, 5 Pac. 865, in which it was held, in effect, that, in an action for money had and received by an agent or attorney for the use of the plaintiff, it is necessary to allege a demand and refusal to pay before recovery can be had, and such demand will not be presumed. The question in that case did not arise upon the evidence, which was not in the record; but the defendant contended that the complaint did not state a cause of action because of the absence of an allegation of demand before suit brought. It appears from the report of that case that the question as to the necessity of pleading a demand, in view of the allegations of the answer, was not called to the attention of the court. In the case at bar, however, the question before the trial court was not whether the complaint stated a cause of action, but whether, in view of the issues made by the pleadings and the testimony as presented to the jury, any demand was necessary.

We are of opinion that the trial court was clearly correct in refusing to give to the jury any instructions on the question of demand.

The only other point urged by appellant is that the court erred in refusing the following instruction, requested by him: "You are instructed that if you find, from all the evidence in the case, that Mr. McKechnie was employed by the defendant, Williams, as subagent, with the express or implied assent thereto of the Judith Inland Transportation Company, through its managing agent, J. L. Mears, then if you further find from all the evidence in the case that the accounts and collections testified to were handled and attended to in a negligent manner, or the affairs of the business were by him improperly conducted, and the amount sued for was lost to the plaintiff occasioned

by such negligence or misconduct of McKechnie as such sub-agent, after such assent being expressly or impliedly given, then you are instructed that the defendant is not liable to the plaintiff for such acts of McKechnie as his subagent. The assent of such appointment may be given either expressly, by word of mouth, or by implication. Assent may be implied by conduct of the plaintiff, the usage of trade, or the nature of the business to be conducted.'' The court, in lieu thereof, instructed the jury as follows: ''You are instructed that the agent is responsible for the acts of his subagent connected with the carrying out of the agency, and the court instructs you further that, if you believe from the evidence that the moneys belonging to the plaintiff were collected by the defendant or his subagent, McKechnie, and were not turned over to the plaintiff, the Judith Inland Transportation Company, through the fault or negligence of the subagent, McKechnie, that fact if you find it to be true does not in any way relieve the defendant from his liability to pay such money so collected to the plaintiff, and you will, accordingly, find for the plaintiff for any such money so collected and not turned over or paid out for the plaintiff within the scope of the defendant's agency.''

It is sufficient answer to this contention to say that there is no evidence in the record to show that anyone has suffered any loss by reason of the fact that the accounts and collections were handled or attended to in a negligent manner, or that the amount sued for was lost to plaintiff by reason of negligence or mismanagement on the part of McKechnie, or anybody else. The evidence, as we read it, shows that an examination of the accounts disclosed that defendant had failed to turn over to plaintiff all moneys received by him, and that he himself was so ignorant of the real state of the accounts that he was unable to know whether he was indebted to plaintiff or not.

The judgment of the court below is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.