CASSIDY, Respondent, v. SLEMONS & BOOTH, Appellant.

(No. 2,862.)

(Submitted June 23, 1910.  Decided June 30, 1910.)

[109 Pac. 976.]

*Money Lent—Complaint—Sufficiency—Demand—When Unnecessary—Appeal—Burden of Showing Error—Offer of Proof.*

Complaint—Sufficiency—How Tested.
1.  In testing the sufficiency of a complaint when attacked by general demurrer or by any other means of raising the question, the court will not confine itself to determining whether it states a cause of action for the particular relief prayed for, but if upon any view the plaintiff is entitled to relief, the pleading will be sustained.

Money Lent—Complaint—Demand.
2.  Plaintiff alleged in her complaint that she loaned a specified sum of money to defendant company, for which a receipt was issued to her; that none of the principal and only part of the interest had been repaid, etc. *Held,* that the complaint was sufficient to warrant recovery for money lent; that the allegation that defendant gave a receipt to plaintiff did not convert the action into one to recover upon a certificate of deposit, so as to make the pleading insufficient for failure to allege a demand; but that such allegation was a pleading of evidence, and therefore immaterial.

Same—Demand—When Unnecessary.
3.  The general rule that where money is to become due only after demand, it is necessary for plaintiff to allege, and prove, that this requirement had been met, does not apply where defendant denies all liability.  Under such circumstances a demand would be useless, and hence is not required by law.

Appeal—Presumptions—Burden of Showing Error.
4.  On appeal the presumption obtains that the trial court did not commit error.  The burden, therefore, rests upon appellant to show that error was in fact committed.

Same—Exclusion of Evidence—Absence of Offer of Proof.
5.  Where the testimony of a witness was presented in the record in narrative form, and there appeared therein not any question or offer of proof to suggest what evidence the witness might have given in reply to an interrogatory, the answer to which was excluded, the supreme court will not determine whether the trial court erred in its ruling.

Same—Exclusion of Evidence—Error Cured by Subsequent Admission.
6  Error in excluding evidence is cured by the subsequent admission of testimony eliciting substantially the information sought in the first instance.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by Charlotte Cassidy against Slemons & Booth. From a judgment for plaintiff, and an order denying it a new trial, defendant corporation appeals.   Affirmed.

*Messrs. McBride & McBride,* and *Messrs. Kremer, Sanders & Kremer,* submitted a brief in behalf of Appellant.   *Mr. J. Bruce Kremer* argued the cause orally.

*Mr. Jesse B. Roote,* and *Mr. James E. Murray,* submitted a brief in behalf of Respondent.   *Mr. Roote* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

After setting forth that the defendant is a corporation, the complaint in this action alleges: "(2) That the plaintiff herein, Charlotte Cassidy, on September 15, 1905, loaned to the defendant corporation the sum of two thousand ($2,000) dollars in cash, for which the said defendant made, executed and delivered to the plaintiff its receipt or certificate of deposit in words and figures as follows, to-wit:

"'Butte, Montana, Sept. 15, 1905.

"'Received of Mrs. Cassidy two thousand dollars on account cash deposit.

"'$2,000.

"'SLEMONS & BOOTH,
"'By E. F. BOOTH.'"

It is then alleged that the defendant agreed to pay interest on the money thus loaned, at the rate of one per cent per month; that no part of the principal has been repaid, and no interest has been paid since June 15, 1907.

The amended answer admits that the defendant is a corporation; that it executed and delivered to plaintiff the receipt set forth above; and denies every other allegation of the complaint. By way of affirmative defense the answer sets forth that at all times mentioned in the complaint the defendant was engaged

in the real estate and loan business; that prior to September 15, 1905, the plaintiff had requested defendant to secure for her a loan of $5,000 or any part thereof; that on September 15 the defendant submitted to plaintiff the application of one Charles Green to borrow $2,000; that plaintiff approved the application, and directed the defendant to arrange the loan, which the defendant did, and notified the plaintiff, who thereupon deposited with the defendant the sum of $2,000 to be loaned to Green, and defendant then executed and delivered to plaintiff the receipt mentioned above; that defendant delivered the money to Green, and thereafter, from time to time, acting as the agent of the plaintiff, it collected and turned over to her the interest; but before the commencement of this action the plaintiff personally took charge of the loan and thereafter collected the interest herself. It is then alleged, on information and belief, that the loan was fully paid and discharged by Green before this action was brought. Every material allegation of the affirmative defense is denied by reply.

The trial of the cause resulted in a verdict and judgment in favor of the plaintiff. Defendant has appealed from the judgment and from an order denying it a new trial. There is not any contention made that the evidence is not sufficient to sustain the verdict. It is admitted by counsel for appellant that the evidence upon every material issue is conflicting and irreconcilable. The specifications of error will be treated in the order made.

1. It is urged that the complaint does not state facts sufficient to constitute a cause of action, for the reason that it counts upon a certificate of deposit and does not allege a presentation or demand. If this theory is correct, defendant's conclusion is unavoidable. Section 5140, Revised Codes, provides: "A depositary is not bound to deliver a thing deposited without demand, even where the deposit is made for a specified time." In *Stadler* v. *First National Bank*, 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111, this court held that a cause of action does not arise in favor of a depositor until demand and refusal, un-

less the depositary has waived demand. If such demand is necessary, it follows as of course that it must be alleged in the complaint. But in testing the sufficiency of a complaint, when attacked by general demurrer or by any other means of raising the same question, the court will not confine itself to determining whether it states a cause of action for particular relief. Forms of action are abolished. The Code enjoins upon the plaintiff the duty to set forth the facts constituting his cause of action. In *Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49, this court said: ''If the facts stated in the body of the complaint entitle the plaintiff to *any* relief, a general demurrer will not lie, no matter what may be the form of the prayer.'' This was followed in *Raymond* v. *Blancgrass,* 36 Mont. 449, 93 Pac. 648, 15 L. R. A., n. s., 976, where the court said: ''The form in which an action is brought is of no consequence; nor does it matter that the complaint contains allegations not appropriate to the purpose sought to be attained. In determining the issue of law presented by a general demurrer to the complaint, or by any other appropriate method of raising the question—as here, by an objection to the admission of evidence at the trial, on the ground that the facts stated do not warrant any relief— matters of form will be disregarded, as well as allegations that are irrelevant or redundant; and, if upon any view, the plaintiff is entitled to relief, the pleading will be sustained.'' In speaking of the same rule, the court again, in *Hoskins* v. *Northern Pacific Ry. Co.,* 39 Mont. 394, 102 Pac. 988, said: ''As the complaint was simply the basis or foundation of plaintiff's proof, if it contained allegations sufficient to enable him to introduce testimony showing a liability on the part of the defendants, and he could, in the absence of the specific allegations rest his case without proving the particulars in which the latter were negligent, then it seems to follow that, although he had made specific allegations of negligence, such allegations were immaterial, and should be disregarded.''

Applying to the facts set forth in the complaint above the rule thus established in this state, and there cannot be any

question that it is sufficient to warrant recovery for money loaned by the plaintiff to the defendant. The allegation that the defendant gave to plaintiff the receipt copied above is immaterial—a pleading of evidence—and should be disregarded.

2. It is contended that there is a fatal variance between the allegations of the complaint and the proof offered by the plaintiff, in this: That, under plaintiff's theory, her complaint counts upon a loan for money due, while her evidence shows that the money was to be repaid to her only after sixty days' notice to defendant that she desired repayment.

It is a general rule that, where money is to become due only after notice or demand, it is necessary for the plaintiff to allege and prove that the required notice or demand was given or made; but to that rule there is this exception, which is as well recognized as the rule itself, namely: Where the defendant denies all liability upon the contract pleaded by the plaintiff, and it is apparent that a demand for payment would have been met by a refusal, a demand under such circumstances is not necessary, for the law does not require anyone to do a wholly useless thing. In *Thompson* v. *Whitney*, 20 Utah, 1, 57 Pac. 429, the rule, and the reason for it, are stated as follows: "The purpose of the rule which requires a demand before bringing suit in certain cases is to enable the party upon whom it is made to discharge his obligation, or perform his contract, without incurring the expense of a lawsuit. Where, then, as in the case at bar, the nature of the plaintiff's claim is such that a demand and refusal become a condition precedent to a recovery, and the defendant, in his answer, denies all liability under the alleged contract or obligation, he repudiates the same, so that it is apparent that a previous demand would have been met with a refusal, proof of such demand is not necessary; not even though alleged in the complaint. In such case a demand would be wholly useless, and the law never requires the performance of a useless thing. Therefore, the appellant, having in his answer disclaimed all liability, and entirely repudiated the respondent's claim, cannot be heard to object that no de-

mand was proven." The authorities are cited in support of the doctrine, and of its correctness there cannot be any question. (*Judith Inland Transp. Co.* v. *Williams,* 36 Mont. 25, 91 Pac. 1061.) In fact, an analogous rule and exception are to be found in sections 4903 and 4904, Revised Codes, which read as follows:

"Sec. 4903. Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself; and must be able and offer to fulfill all conditions concurrent so imposed upon him on the like fulfillment by the other party, except as provided in the next section.

"Sec. 4904. If a party to an obligation gives notice to another before the latter is in default, that he will not perform the same upon his part, and does not retract such notice before the time at which performance upon his part is due, such other party is entitled to enforce the obligation without previously performing or offering to perform any conditions upon his part in favor of the former."

The defendant in this action not only denied any liability under the contract pleaded in the complaint, but repudiated the contract altogether; and the evidence shows that, long prior to the time this action was commenced, it likewise repudiated such agreement; so that it cannot now be heard to say that it was prejudiced in a substantial right, by reason of the failure of the plaintiff to make demand for repayment of money for which it disclaimed any liability whatever.

In *Board of County Commrs.* v. *American L. & T. Co.,* 75 Minn. 489, 78 N. W. 113, it was held that where the complaint alleged a demand, and the proof showed facts which rendered a demand unnecessary, there was not any substantial variance. The court said: "The variance, then, between the allegation of the complaint and the proof was one which the trial court could, and, if applied for, should, have remedied by allowing an amendment on the trial, or even after judgment, for the substantial rights of the defendants were not affected by the recep-

tion of the evidence." Counsel for appellant in this case say in their brief: "So, in the case at bar, the plaintiff could have obtained leave of court to amend her complaint even after the motion for a nonsuit was made." But they contend that, since plaintiff did not avail herself of the privilege of amending her complaint, advantage may be taken of the variance. But the very concession itself would indicate that counsel for appellant viewed the variance as one which might properly have been obviated by an amendment, and in this view we concur. Section 6585, Revised Codes, provides: "No variance between the allegation of a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

For the reasons given, we do not think it was necessary for plaintiff to prove a demand, and, if not, it follows that it was not necessary to plead it; and under the circumstances she might properly rely upon a cause of action for money due, and offer proof of facts which rendered a demand unnecessary. The resulting variance, if such it can be called, is certainly not a material one.

3. Upon the cross-examination of James Cassidy, husband of the plaintiff, while he was testifying as a witness for plaintiff, he was asked by counsel for defendant if he had not made certain statements to attorney W. I. Lippincott about a cause theretofore pending in the district court, entitled "Charles Green v. The Crescent Loan Company." This he denied. The defense called Mr. Lippincott as a witness, and he testified with reference to the case of Green v. Crescent Loan Company and the result in the district court, which was adverse to Green. Lippincott further testified: "I thought that the point decided by Judge Bourquin was erroneous, and would be reversed upon appeal to the supreme court. What Mr. Green explained to me about this matter is not testimony in this case, but, in pursuance of what I learned, I had several conversations with Mr. Cassidy about appealing the case—" At this point the witness was interrupted by an objection made by counsel for plain-

tiff, and the objection was sustained. It is insisted by counsel for appellant that the trial court erred in the ruling; that they were attempting to show that Cassidy had made the statements which on his cross-examination he denied making, and that the testimony sought to be elicited from the witness Lippincott was material, as reflecting upon the credibility of Cassidy, if for no other purpose. To the point where it was interrupted above, the evidence of this witness is given in the record in narrative form. There is not any question contained in the transcript which would suggest what evidence the witness Lippincott might have given, and there was not any offer of proof made; so that we cannot possibly say whether Lippincott's testimony, if completed, would or would not have been material. We do not presume that the trial court committed error. Appellant must assume the burden of showing that error was in fact committed; and upon this record, as presented, it has failed.

In *Tague* v. *John Caplice Co.*, 28 Mont. 51, 72 Pac. 297, this court said: "No offer to prove the facts sought to be elicited by the question was made; the excluded evidence is not before us; neither is it apparent from the question itself, and it is therefore impossible for this court to say whether there was error in the ruling of the trial court." And in *First National Bank of Portland* v. *Carroll*, 35 Mont. 302, 88 Pac. 1012, the same question was again presented and disposed of as follows: "The defendant was asked to state how the failure of the Wolff & Zwicker Iron Works to complete the pipe-line during the summer of 1900 could have made a shortage of water during the winter of 1901. An objection to the question was sustained, and error is assigned. There does not appear to have been any offer of proof made, and, as the question is not of such character that we can say that it appears what answer was sought, we are unable to determine whether the ruling of the court was correct or erroneous."

4. While a witness for plaintiff, James Cassidy testified that he had not seen, and did not know of the existence of, an assignment from Green to plaintiff of certain claims for wages. A

41 Mont.—28

witness, Hudtloff, was called by the defendant, and asked: "Q. Well, do you know, of your own knowledge, whether James Cassidy or Charlotte Cassidy knew of the existence of this assignment?" An objection was made to the question in so far as it related to James Cassidy, and the objection was sustained. Error is now predicated upon the ruling, and it is insisted that it was very material to defendant to show that Cassidy was not testifying truthfully when he said that he did not know of the assignment. But from the question propounded to the witness it is impossible for us to say whether Hudtloff would or would not have contradicted or confirmed the testimony of Cassidy, and as there was not any offer of proof made, the rule announced above, in paragraph 3, is applicable. But if any error was committed at that stage of the proceedings, it was cured immediately thereafter, for, despite the court's ruling, the witness Hudtloff testified: "As to whether I know, of my own knowledge, whether Charlotte Cassidy knew of the existence of this assignment, well, to the best of my recollection—I don't remember the exact words that occurred between us, but I am inclined to think that Mr. Cassidy and Mrs. Cassidy were both up there and asked in regard to this assignment. The exact words of the conversation I can't recall, but, to the best of my recollection, they were both up there and inquired whether it would be all right or not—whether they would be protected for that amount." So that, after all, the defendant got before the jury substantially all that it could have elicited had the question been answered.

This disposes of the four assignments, which are the only ones made; and, upon the record, we do not think there was any reversible error committed.

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.