HOLLENSTEINER, APPELLANT, *v.* ANDERSON, RESPONDENT.

(No. 6,030.)

(Submitted December 21, 1926.   Decided January 14, 1927.)

[252 Pac. 796.]

*Real Property — Vendor and Purchaser — Deeds — Escrows —*
*Foreclosure of Vendee's Lien—Demand of Return of Pur-*
*chase Money—Tender of Final Payment—When Unneces-*
*sary—Encumbrances—What may Constitute—Premature Ac-*
*tion—Defense must be Pleaded.*

Real Property—What Constitutes—Rights of Way—Encumbrances.
  1.  Timber growing on land and minerals beneath the surface
  constitute part of the land, and a right of way over it is an en-
  cumbrance thereon.
Deeds—Escrow Does not Pass Title—Escrow may Modify Contract for
  Deed, When Only.
  2.  While a deed to land is an "agreement" which, when delivered,
  may modify a contract for the deed, a deed deposited in escrow is
  but an escrow, does not pass title and can modify the contract
  only on a clear showing that the opposing party .knew of the re-
  citals in the deed and acceded thereto, and that the deed and
  contract were parts of the same transaction.
Same—Variance Between Contract for Deed and Deed Placed in Es-
  crow—Effect.
  3.  Where a contract for a deed was complete in itself and called
  for the execution of the deed in compliance with a description of
  the property contained therein, the deed to be placed in escrow,
  but the description in the deed did not conform to that contained
  in the contract and the vendees had not agreed to accept the
  deed as drawn,· the contract cannot be held to have been modified
  by or merged in the deed.
Same—Vendee's Lien—Defense That Action is Premature must be
  Pleaded.
  4.  In an action to foreclose a vendee's lien to recover payments
  made on a land contract for failure of consideration, the defense
  that the action was prematurely brought, in that the time for per-
  formance had not arrived, is not available unless pleaded in the
  answer.
Same—Foreclosure of Vendee's Lien—Vendee's Knowledge of Defect
  in Title—Effect on Right of Action.
  5.  Since a vendor of land may contract to convey at a future time
  property to which his title is not then perfect, his duty being ful-

  1.  See 22 R. C. L. 59, 60.
  5.  Lien of purchaser for amount paid on purchase price, see notes
in 127 Am. St. Rep. 890; 20 L. R. A. (n. s.) 182.

[78 Mont. 122.]

filled if he can convey good title at the time stipulated in the contract, the fact that the vendee at the time the contract was made had knowledge of defects in the title did not deprive him of his right to recover part payments made by him, in his action to foreclose his vendee's lien.

Same—Conveyance—Parol Evidence Inadmissible to Vary Contract of Sale.

6. Where a land contract required of the vendor the execution of a deed without reservations and the deed deposited in escrow excepted from its operation, among other things, the timber growing thereon, parol evidence to the effect that the witness understood from conversations with the vendee that the latter was buying the land without the timber was inadmissible under section 10517, Revised Codes of 1921.

Same—Foreclosure of Vendee's Lien—Demand for Return of Purchase Money—When Unnecessary.

7. Demand for the return of purchase money paid under a land contract is not a prerequisite to the maintenance of an action to foreclose the vendee's lien, where defendant denies liability under the contract and repudiates it, the law not requiring the doing of a useless thing.

Same—Foreclosure of Vendee's Lien—Tender of Final Payment Under Contract—When not Required.

8. Where an owner of land, after entering into a contract for its sale, conveys the same prior to his death to his wife, thus putting it out of his power to convey title and the wife denied liability, the vendee, in his action to foreclose his lien to recover payments made under the contract from the subsequent grantee, was not required to make a tender of final payment.

Same—Foreclosure of Vendee's Lien—Rules Pertaining to Rescission Inapplicable.

9. In an action to foreclose a vendee's lien on land independent of possession under section 8382, Revised Codes of 1921, the rules governing an action for the rescission of a contract do not obtain, and therefore plaintiff was not required to show that he had placed or offered to place defendant in the position in which he was at the time the contract was entered into.

---

[1]   Mines and Minerals, 40 C. J., sec. 440, p. 903, n. 65, 73.   Property, 32 Cyc., p. 655, n. 93; p. 656, n. 98.   Vendor and Purchaser, 39 Cyc., p. 1502, n. 79.

[2]   Contracts, 13 C. J., sec. 594, p. 588, n. 55.   Escrows, 21 C. J., sec. 9, p. 869, n. 63; sec. 34, p. 888, n. 51.

[3]   Deeds, 18 C. J., sec. 231, p. 270, n. 76.

[4]   Appeal and error, 3 C. J., sec. 589, p. 696, n. 61; sec. 627, p. 734, n. 48.   Vendor and Purchaser, 39 Cyc., p. 2040, n. 30.

[5]   Vendor and Purchaser, 39 Cyc., p. 1213, n. 63, 66; p. 1529, n. 24; p. 2039, n. 13.

[6]   Evidence, 22 C. J., sec. 1475, p. 1117, n. 68.

[7]   Vendor and Purchaser, 39 Cyc., p. 2042, n. 30.

[8] . Vendor and Purchaser, 39 Cyc., p. 2032, n. 78, 80; p. 2039, n. 11.

[9]   Vendor and Purchaser, 39 Cyc., p. 2032, n. 78; p. 2043, n. 34.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

ACTION by A. W. Hollensteiner against Lena Anderson. From a judgment of dismissal plaintiff appeals. Reversed and remanded, with direction to enter judgment for plaintiff.

*Messrs. Pope & Brown,* for Appellant, submitted a brief; *Mr. Walter L. Pope* argued the cause orally.

The fact that a purchaser knows at the time he enters into the contract that the vendor does not have title to the land or any part thereof does not in any way alter the contract. The general rule is given in 39 Cyc. 2054. (See, also, *Ayers* v. *Buswell,* 73 Mont. 518, 238 Pac. 591; *Key* v. *Vidovich,* 58 Cal. App. 710, 209 Pac. 375; *Jenkins* v. *Hamilton,* 153 Ky. 163, 154 S. W. 937; *Foute* v. *Elder,* 109 Ga. 713, 35 S. E. 118; *Fletcher* v. *Brewer,* 88 Neb. 196, 129 N. W. 288.)

It is well settled that a vendor may contract to sell land or other property which he does not own. The requirement is that vendor must have title at the time set for performance. (*Wilson* v. *Corcoran,* 73 Mont. 529, 237 Pac. 521; *Bozdech* v. *Montana Ranches Co.,* 67 Mont. 366, 216 Pac. 319.) It being immaterial that the vendor does not have title at the time of the contract, it certainly follows that it is immaterial whether the purchaser knew that he had title or not.

The court found that the final payment has never been paid or tendered. It is submitted that this fact is wholly immaterial. At the time the final payment was stipulated to be paid the consideration had already failed,. and the plaintiff was therefore under no obligation to pay any further sum. Indeed, the insertion of such a finding here seems to us to be manifestly irrelevant, for the plaintiff was at that very time entitled to recover his former payments from the defendant— why, then, should he be required to make a tender of any further sum? This is true for the reason that the failure of

consideration has resulted from the defendant's inability to perform the contract. It was therefore unnecessary to make any tender in order to put the defendant in default. Where the other party to a contract cannot perform and it is obvious that tender would be refused, no tender is required. (*Baum* v. *Northern Pac. Ry. Co.,* 55 Mont. 219, 175 Pac. 872; *Hills* v. *Mutual Oil Co.,* 65 Mont. 317, 211 Pac. 214; *Armstrong* v. *Poe,* 35 Mont. 557, 90 Pac. 758; *LeClair* v. *School Dist. No. 28,* 74 Mont. 385, 391, 240 Pac. 391.) And where the vendor is unable to give title at the time set forth in the contract, no tender is required of the purchaser. (*Thomas* v. *Walden,* 57 Fla. 234, 48 South. 746; *Russell* v. *Crowley,* 147 App. Div. 361, 132 N. Y. Supp. 185; *Janulewyez* v. *Quagliano,* 88 Conn. 60, 89 Atl. 897, 898; *Palmer* v. *Clark,* 52 Wash. 345, 100 Pac. 749, 750; *Platte Land Co.* v. *Hubbard,* 12 Colo. App. 465, 56 Pac. 64; *Merrill* v. *Merrill,* 95 Cal. 334, 30 Pac. 542; *Lemle* v. *Barry,* 181 Cal. 6, 183 Pac. 148; *Cabrera* v. *Payne,* 10 Cal. App. 675, 103 Pac. 176; *Marshall* v. *Gilster,* 34 Idaho, 420, 201 Pac. 711; *Elson* v. *Jones,* 42 Idaho, 349, 245 Pac. 95.)

The court found that no demand preceded the action. Demand was entirely unnecessary under the facts and pleadings in this case. (*Cassidy* v. *Slemons & Booth,* 41 Mont. 426, 430, 109 Pac. 976.) The defendant here denied all liability under the contract by her answer, and showed beyond all doubt that a demand would have been unavailing. (See, also, *Old Kentucky Distillery* v. *Stromberg-Mullins Co.,* 54 Mont. 285, 295, 169 Pac. 734.)

Title to property does not pass by a deed in escrow. (*Tyler* v. *Tyler,* 50 Mont. 65, 144 Pac. 1090; *Knapp* v. *Andrus,* 56 Mont. 37, 180 Pac. 908.) Therefore the doctrine of merger of an executory contract in a deed cannot apply, for, as will appear from those cases which are collected in a note in 31 L. R. A. (n. s.) 457, the merger is dependent upon the acceptance of the deed.

*Mr. Elmer E. Hershey,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment in favor of defendant in an action to foreclose a vendee's lien for the amount paid on a contract for the purchase of real estate on failure of consideration.

From the pleadings and proof it is unquestioned that for some time prior to June 11, 1918, Thomas W. Anderson had been the owner of a certain tract of land in Missoula county, but that the title to a valuable stand of timber thereon, with a right of way across the land and reserved mineral rights, was in the Anaconda Copper Mining Company. At some time prior to June 11, 1918, the plaintiff and his brother, A. F. Hollensteiner, had refused to purchase the property from Anderson because it was encumbered. On June 11, 1918, one R. R. Jones, a real estate agent, closed a deal with the Hollensteiner brothers for the tract of land and thereupon drew up a contract which was signed by Anderson and the two brothers. This contract described the land by legal subdivisions without mention of the timber, mineral rights or right of way, bound the vendees to pay $100 and on its execution, $1,900 the following day, and $4,000 on June 11, 1923, with interest on the last-named amount at seven per cent, payable semi-annually, as the purchase price of the "land and premises" described, and obligated the vendor to execute a warranty deed to "said real property," which deed, with a copy of the contract, was to be placed in escrow in a Missoula bank with direction to deliver the deed to the vendees upon their making the final payment. Time was expressly made of the essence of the contract.

The vendees paid the $100 down payment, and on June 12, 1918, Anderson executed a warranty deed, without having his wife join therein in which he expressly excepted from its operation the timber, mineral rights and right of way, which

deed, with a copy of the contract, was duly deposited with the designated bank, and on the same day August Hollensteiner, father of the vendees, called at the bank, and, being advised that the papers had been deposited, made payment of the $1,900 payable that day to Anderson personally. The vendees went into immediate possession of the premises, and during the next two or three years either cut hay upon or pastured the land and derived a total revenue of $508 from the property, but made no use of the land after the year 1921. A. F. Hollensteiner attended to the payment of taxes, interest, *etc.,* up to March, 1922, when he died, and thereafter plaintiff acquired the interest of his deceased brother and made the required payment in 1922.

On December 23, 1921, Anderson by a "gift deed," transferred the property to the defendant, his wife, who took it with knowledge and notice of the contract and escrow. Anderson thereafter died. On May 31, 1923, plaintiff wrote the defendant, stating, "I would like to renew the deed in escrow, to which you fell heir since Mr. Anderson's death, for two more years," but received no reply. He failed to make payment of the $4,000 and interest due June 11, 1923, but on the fourteenth day of June, and again on December 17, 1923, made payment of the semi-annual interest, which payments were accepted by the defendant. No interest was paid after December 17, 1923.

The court made findings (1) in conformity with the foregoing synopsis of the facts, and (2) to the effect that the vendees had full knowledge of the encumbrances at the time the contract was executed; that the plaintiff had, since taking possession, been in complete and undisputed possession and occupancy of the premises; that plaintiff did not make demand for the return of the money paid before commencing his action, or offer to vacate or restore possession of the premises or to account to defendant for the rents and profits while in possession. Upon these findings the court drew its conclusion of law to the effect that plaintiff was entitled to take nothing, and that

defendant was entitled to judgment of dismissal and for her costs, and such judgment was accordingly entered.

While numerous specifications of error are made, the whole contention of counsel for plaintiff is that under the first group of findings plaintiff was entitled to the relief sought, and that the group of findings numbered (2) above were immaterial and do not justify the conclusion of law reached or the judgment entered.

1. This contention is based upon the assertion that the evidence adduced established the fact that the vendor contracted to convey full title to the lands and failed to do so.

If it appears from the record and the findings of the court that the vendor defaulted under the terms of the contract, this contention must be sustained, unless it further appears that defendant is correct in her assertion that the contract of June 11, 1918, was modified by, or merged in, the deed executed the [1] following day, as the growing timber, of course, constituted a part of the real estate, as did also the mineral, if any, beneath the surface, and the right of way constituted an encumbrance on the land. (*Ayers* v. *Buswell,* 73 Mont. 518, 238 Pac. 591.)

2. Counsel for defendant contends that the deal was not consummated until the deed was placed in escrow, accepted by the vendees, and the $1,900 thereupon paid, and to support this contention called the scrivener who drew both the contract and deed, who testified that the instruments were but parts of the same transaction or deal, and then attempted to establish by the elder Hollensteiner that, under authority from his sons, he examined an abstract of title to the property and the deed before paying the money over to Anderson, but in this he failed, as the witness testified that he was only instructed to, and did only, ascertain that the escrow had been completed before he paid over the money, and that he never saw either the abstract or the deed. Plaintiff likewise testified that he never saw the deed or abstract of title and did not know the contents of the deed while payments were being made under the

contract, and there was no testimony intimating that his deceased brother had seen either the abstract or deed.

While a party may abrogate a written agreement by a sub-[2] sequent one (sec. 7569, Rev. Codes 1921), and a deed is an "agreement" within the meaning of the section which, when delivered and accepted, may modify a contract (*Humble* v. *St. John*, 72 Mont. 519, 234 Pac. 475), a deed deposited in escrow, to be delivered on performance of a condition, is merely an escrow (sec. 6846, Rev. Codes 1921), and does not pass title. (*Tyler* v. *Tyler*, 50 Mont. 65, 144 Pac. 1090; *Knapp* v. *Andrus*, 56 Mont. 37, 180 Pac. 908.) If such an instrument can modify the contract under which it is placed in escrow, it can only be on a clear showing that the opposing party knew of the recitations in the deed and acceeded thereto, and that the deed and contract were, in fact, but parts of the same transaction.

The testimony of the scrivener was but his bald conclusion; [3] he was not even a lawyer and not in a position to interpret the contract. Turning to the contract, it appears to be complete in itself; it requires the vendor to execute a deed to the "said real property" and place it in escrow, but does not make the payment of $1,900 on June 12 dependent upon, or to follow, the execution of the deed, examination of abstract or other condition or action of the parties. It is therefore apparent that the two instruments were not executed as a part of a single contract; on the contrary, the deed was executed in compliance with the terms of a completed contract, and should have contained a description of the property conforming to that contained in the contract, unless the vendees agreed to accept the deed as drawn in lieu of that called for by the contract; as they did not do so, no merger in or modification of the contract by the deed was effected. (*Reed* v. *Loftus*, 82 Kan. 485, 31 L. R. A. (n. s.) 457, 108 Pac. 850, and cases there cited.)

Incidentally, the vendor, in order to comply with the contract, should have secured his wife's signature to the deed; but this defect might have been supplied at, or prior to, the time

when he was required by the contract to pass full title to the property.

3. Counsel for defendant contends that the time for perform-
[4]   ance by the vendor had not arrived when the action was
commenced. This assertion is seemingly based upon the letter written by plaintiff to the defendant, asking that the time of performance be extended for two years, and the fact that the action was commenced prior to June 11, 1925.

This contention cannot be maintained; first, because the defendant here is not the vendor but one who acquired title to the property with knowledge of the contract at a time when the contract was in full force and effect; and, secondly, for the reason that such contention is at variance with the theory of the pleadings on which the cause was tried in the lower court. Nowhere in the pleadings, the proof, the argument or the findings of the court is it suggested or held that the action should be dismissed as having been brought prematurely. If the contention here made is tenable, it should have been presented by proper allegations in the answer filed prior to June 11, 1925.

By deeding the property to defendant in 1921, the vendor put it out of his power to convey the property described in the contract, by a corrected deed, on June 11, 1923, and was, therefore, in default on that date, and by her pleadings herein the defendant made it apparent that neither as the holder of the title through the deed nor as heir at law of her husband could she, or would she, comply with the terms of the contract.

Do the court's findings, grouped under (2) above and to which timely exception was taken, change the situation of the parties and support the judgment?

4. The court found that the plaintiff had, at the time he
[5]   entered into the contract, full knowledge of the defects
in the vendor's title. However, a vendor is only required to have title at the time he is obligated to convey it (*Wilson* v. *Corcoran*, 73 Mont. 529, 237 Pac. 521; *Bozdech* v. *Montana Ranches Co.*, 67 Mont. 366, 216 Pac. 319; *California Real Estate*

*Co.* v. *Walkup,* 27 Cal. App. 441, 150 Pac. 385), and may, in good faith enter into a valid contract to convey, in good faith, at a future time, property to which he has no title, or to which his title is defective, or on which there is an encumbrance, as he may be able to convey good title when the time for passing title arrives (*Easton* v. *Montgomery,* 90 Cal. 307, 25 Am. St. Rep. 123, 27 Pac. 280; *Hansen* v. *Hevener,* 69 Cal. App. 337, 231 Pac. 361; *Anderson* v. *Willson,* 48 Cal. App. 289, 191 Pac. 1016), and it is immaterial that the vendee has knowledge of defects in the vendor's title (*Ayers* v. *Buswell,* above).

5. Defendant was permitted, over the objection of plaintiff, [6] to elicit from the elder Hollensteiner a statement that he understood from conversation with his sons that they were buying the land without the timber. If this testimony was competent to vary the terms of the contract, we would still have the title encumbered by the mineral reservations and the right of way; but as the deed was a unilateral contract, not delivered to or accepted by the vendees, the contents of which were not known to the vendees, and the contract was complete in itself and did not require the vendees to determine whether the deed correctly described the property, but required the vendor to execute and deposit a deed conveying the property as therein described, the contract of June 11, 1918, is presumed to contain all the terms of the agreement between the parties. If it was the tentative agreement of the parties that the purchase was of the land subject to the rights of the Anaconda Company, the vendor should have had his contract so drawn; having failed to do so, he was precluded by the provisions of section 10517, Revised Codes of 1921, from varying the terms of the written contract by parol evidence—a sad commentary on the practice of having important legal documents drawn by a layman. This testimony, admitted over the objection of plaintiff, was therefore improperly admitted and cannot aid the findings made.

6. The court made a finding to the effect that plaintiff made [7] no demand prior to commencement of his action for the return of the money paid. Where, as in the case at bar, the

defendant denies all liability under an alleged contract and repudiates it, so that it is apparent that a previous demand would have met with a refusal, no showing of a demand is necessary, as the law does not require the doing of a useless thing. (*Cassidy* v. *Slemons & Booth,* 41 Mont. 426, 109 Pac. 976; *Judith Inland Trans. Co.* v. *Williams,* 36 Mont. 25, 91 Pac. 1061.)

7. Counsel for defendant contends that the judgment should [8] be sustained on the findings to the effect that plaintiff did not vacate the premises or offer to restore possession and tender final payment or account for rents and profits, on the ground that this is an equitable action and plaintiff must do equity.

Attention is again called to the fact that this action was brought, not against the vendor, but against his subsequent vendee, and not for the purpose of rescinding the contract, but for the purpose of foreclosing a vendee's lien under the contract.

As the vendor had put it out of his power to convey title at the time set for the conveyance, no tender was necessary. (*Lemle* v. *Barry,* 181 Cal. 6, 183 Pac. 148; *Marshall* v. *Gilster,* 34 Idaho, 420, 201 Pac. 711; *Palmer* v. *Clark,* 52 Wash. 345, 100 Pac. 749; *Russell* v. *Crowley,* 147 App. Div. 361, 132 N. Y. Supp. 185; *Janulewyez* v. *Quagliano,* 88 Conn. 60, 89 Atl. 897; *Thomas* v. *Walden,* 57 Fla. 234, 48 South. 746.)

Nor was it necessary that plaintiff comply with the rules [9] governing an action for the rescission of a contract, as his action was not for a rescission but for the foreclosure of his lien "independent of possession" (sec. 8382, Rev. Codes 1921); he did not repudiate the contract, but recognized it as a subsisting obligation, valid in its inception and still in force, and claimed a right to foreclose his lien on the land itself because he had, in equity, by the payments made, become the owner of the land to the extent of those payments; having performed the contract in part and, by reason of the fault of the vendor, unable to seek specific performance in full, he sought partial performance by the foreclosure of his lien and

the sale of the property to the extent that he was the equitable owner thereof. In effect he merely sought to sell his interest in the property. This he had the right to do without placing the defendant in the position in which the vendor was at the time the contract was executed. (*Elterman* v. *Hyman,* 192 N. Y. 113, 127 Am. St. Rep. 862, 15 Ann. Cas. 819, 84 N. E. 937; *Feldblum* v. *Laurelton Land Co.,* 210 N. Y. 594, 104 N. E. 1129.)

It follows that the testimony on which the second group of findings is predicated was immaterial, and those findings cannot support the judgment rendered, but that the findings, as a whole, will support a judgment in favor of plaintiff for the amount by him paid on the contract, less the amount of rents and profits which he voluntarily offered to deduct therefrom, and the foreclosure of his lien and sale of the property as prayed for.

For the reasons stated the judgment is reversed and the cause remanded to the district court of Missoula county, with direction to vacate the judgment entered and enter judgment in favor of the plaintiff in conformity with this opinion.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and STARK concur.

MR. JUSTICE MYERS did not hear the argument and takes no part in the foregoing decision.