No. 81-462

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

LOIS L. TILLOTSEN,

Plaintiff and Respondent,

vs.

MARADELL FRAZER, a single woman;
DAVID LEE BOVEE and THERESA LEE
BOVEE, as Joint tenants,

Defendants and Appellants.

---

Appeal from:  District Court of the First Judicial District,
In and for the County of Lewis and Clark
Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

For Appellants:

Leaphart Law Firm, Helena, Montana
William Leaphart argued, Helena, Montana

For Respondent:

Small, Hatch and Doubek, Helena, Montana
John Doubek argued, Helena, Montana

---

Submitted:  June 29, 1982

Decided:  August 11, 1982

Filed: AUG 11 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants appeal from a judgment of the District Court of the First Judicial District, wherein the court ordered the partition of certain lots in the TOK Park Subdivision on Hauser Lake and in effect adjudged the plaintiff sole owner of the remaining land in the quarter section where the subdivision is located. We affirm.

Initially, we note that respondent's brief does not comply with Rule 23(b), M.R.App.Civ.P., which requires, inter alia, headings for the various parts of respondents' briefs. There are none in this instance, which has hampered our efforts to compare the parties' positions on the facts, the procedural posture of the case and the points of law at issue here. It appears that respondent simply started discussing the first page of appellants' brief and continued to the end thereof without following the format that a quick glance at Rule 23(b), M.R.App.Civ.P., would have indicated is necessary.

On August 19, 1976, plaintiff entered into an "Agreement to Convey Real Property" with her ex-husband (Ira Tillotson) and another person (Johnson). The agreement provided that plaintiff was the owner of the following described property:

> "The Northwest 1/4 of Section 26 of Township
> 11 North of Range 2 West of the Montana
> Principal Meridian, including therein the
> whole of the dedicated subdivision recorded
> in the office of the County Recorder of Lewis
> and Clark County as TOK Park Subdivision, but
> excepting therefrom lots 2, 8, 10, 16, 18,
> 20, 22, 26, 28 and 30 of said TOK Park Subdivision,
> and subject to all easements and encumbrances of
> record."

According to the plat on file at the county clerk and recorder, the TOK Park Subdivision consisted of the whole

-2-

northwest quarter of the section 26 referred to in the property description. A county road ran across the property and there were some subdivided lots south of the road but none north of the road.

Plaintiff had fallen behind in taxes and assessments on the property. The agreement provided that Ira and Johnson would take the necessary steps to quiet title in plaintiff's name in return for the conveyance from her of an undivided one-half interest in the land described in the agreement, at which time Ira and Johnson were to subdivide the rest of the land into lots and sell them. The agreement expressly provided that the failure to so subdivide and sell would constitute a failure of consideration for the conveyance.

On August 20, 1967, Ira assigned his interest in the contract to Johnson and by February, 1968, the unpaid taxes, penalties and liens were paid as the agreement provided.

A Helena attorney was instructed (by whom the record is unclear) to draft a deed conveying an undivided one-half interest in the land to Johnson and the deed that the attorney sent to Johnson had the following property description:

> "A one-half interest undivided of, in and to
> the following: Lots 3, 5, 7, 9, 11, 13, 14,
> 15, 17, 19, 21, 23, 24, 25, 27, 29, 31 to 34,
> of the T.O.K. Park Subdivision, situated in
> the Northwest Quarter (NW1/4) of Section Twenty-
> six (26), Township Eleven (11) North of Range
> Two (2) West M.P.M. in said County of Lewis and
> Clark, as said Lots are numbered, designated
> and described on the official plat of said
> subdivision on file in said Lewis and Clark
> County."

However, Johnson sent a different deed to the plaintiff in California to sign, which had the following property description:

"A one-half interest undivided of, in and to
all of the Northwest Quarter (NW1/4) of Section
Twenty-six (26), Township Eleven (11) North of
Range Two (2) West, M.P.M., except the T.O.K.
Park Subdivision.

"A one-half interest undivided of, in and to the
following: Lots 3, 5, 7, 9, 11, 13, 14, 15, 17,
19, 21, 23, 24, 25, 27, 29, and 31 to 34, of the
T.O.K. Park Subdivision, situated in the Northwest
Quarter (NW1/4) of Section Twenty-six (26), Township
Eleven (11) North of Range Two (2) West, M.P.M.
in said County of Lewis and Clark, as said Lots
are numbered, designed and described on the official
plat of said Subdivision on file in the said Lewis
and Clark County."

It can be seen that the second paragraph of the second
deed is virtually identical to the description in the first
deed. The first paragraph of the second deed was apparently
added because it was thought that the TOK Park Subdivision
consisted of only the subdivided lots south of the road
rather than the whole quarter section. Johnson testified
that he did not know how the new description was inserted in
the second deed, and Ira died prior to trial.

At any rate, Johnson sent the second deed, along with a
cover letter (describing the contents of the deed as a
"half-interest in TOK Park") to plaintiff in California who
testified that when she signed this deed, she realized she
was conveying a half-interest in less than the entire quarter
section. According to her testimony she did this because
Ira convinced her it was needed to facilitate selling of the
lots and also because Ira and Johnson had not improved and
sold the lots the way they should have under the agreement.
The executed deed was recorded on March 21, 1968.

Through mesne conveyances appellants Teresa and David
Bovee received a quarter interest in the land described in
the "Agreement to Convey" as did appellant Fraser.

On November 14, 1979, plaintiff filed an amended complaint,
seeking a partition of the lots mentioned in the filed deed

-4-

and also seeking to have herself declared the sole owner of all of the rest of the land in the quarter section. All parties agree that plaintiff has a one-half interest in the surveyed lots south of the road. Defendants answered also seeking partition and claiming to own an undivided one-half interest in all the land in the quarter section by virtue of the filed deed, which according to defendants, should be reformed to reflect the parties' true intentions.

After a nonjury trial the court found there was a failure of consideration (because of the rest of the property not being subdivided and sold), ordered partition of the lots described in the filed deed and, declaring that the first sentence of the deed was a nullity, found that plaintiff was fee owner of the rest of the quarter section.

The court further found there was a discrepancy between the property description in the "Agreement" (which the District Court interpreted as conveying all the land in the quarter section) and the property description in the deed (which the District Court interpreted as conveying only the subdivided lots south of the road). The court concluded that Johnson and his successors recognized the discrepancy but failed to act and that the "Agreement" became merged in the deed description thereby precluding reformation. Defendants appeal.

We frame the issues on appeal as follows:

1. Did the District Court err in holding that plaintiff was sole owner of the unsubdivided portion of the quarter section?

2. Did appellants acquiesce in the property description in the deed to effect a merger?

3. Was plaintiff guilty of laches?

-5-

Appellants first attack the District Court's statements
that the failure to improve and sell the lots constituted a
failure of consideration negating specific performance,
arguing that neither defendants nor plaintiff pleaded specific
performance or failure of consideration and that it is
reversible error for a lower court to consider issues not
before it.  We disagree.

Paragraph 3 of the agreement provides in part:

"3.  If and when the title to said property
is quieted in Grantor and Grantor has conveyed
an undivided 1/2 interest in said property to
Grantees, subject to the exceptions outlined in
paragraph 2a, b, c above, Grantees will take
all necessary steps to survey, subdivide, manage,
advertise, promote, develop, improve and sell
said property by individual lots on the open
market at its fair market value."  (Emphasis
added.)

Paragraph 6 of the agreement provides in part:

"6.  It is further understood by and between
the parties hereto that . . . all of the duties
outlined in paragraph 3 above are further con-
sideration for the conveyance of said 1/2
interest to Grantees and that the failure to
perform said duties will be a failure of
consideration for said conveyance."

We acknowledge that the agreement could have been more
clearly drafted.  On the one hand, it would appear that (as
appellants argue) the conveyance of the one-half interest in
the property is a condition precedent to the subdividing and
selling of the lots.  On the other hand, paragraph 6 specifically
states that any failure on the part of the grantees (Ira and
Johnson) to so sell and subdivide will constitute a failure
of consideration.  It is uncontroverted here that further
subdividing and selling of the land did not occur and when
the agreement is viewed as a whole, it appears that the parties
intended the provisions of paragraph 6 to override the state-
ments in paragraph 3.

-6-

While it is true that neither party expressly sought specific performance, whether one labels it "specific performance" or "reformation", the result is the same, i.e. appellants would obtain title to a one-half interest in all the land if they were successful. We hold that the District Court was not in error for the statements regarding specific performance.

Appellants next contend that the deed has the effect of conveying all the land which plaintiff owned in the quarter section and that the District Court's interpretation disregards the rule of construction that each term of an instrument is presumed to have some effect, and also disregards section 70-1-516, MCA, which states that the provisions of a deed are to be interpreted in favor of the grantee.

The first sentence of the deed grants a one-half interest in all the land in the quarter section except the TOK Park Subdivision. The District Court found that this first sentence was incapable of conveying anything and we concur. The plat of the TOK Park Subdivision on file in the county records showed the subdivision as consisting of the entire quarter section and to grant any land in the quarter section while excepting the subdivision is thus an impossibility.

The second issue focuses on merger and appellants' acquiescence and is related to the first issue. Appellants argue that there is no evidence to support the District Court's finding regarding acquiescence and that all parties' conduct indicated that they understood the deed to convey a one-half interest of the entire quarter section and not just of the lots south of the road. Appellants point to the following facts as supporting their assertion. In September 1968, during highway right-of-way proceedings, plaintiff

told one of the highway department agents that she had deeded a one-half interest in all her property to Johnson. After the Bovees and Fraser received their interests, records showed that plaintiff paid taxes on one-half of all the land in the quarter section, and that Bovees and Fraser each paid taxes on one-quarter of the other one-half.

Appellants' contention ignores the impact of the statements in the granting clause of the deed and the subdivision plat, both of which were of record. Appellants are charged with constructive notice of the contents of the deed, section 70-21-302, MCA and any statements orally made are controlled and overridden by these filed documents.

Appellants further argue that there can be no merger of the property description in the agreement into the deed unless the grantee (Johnson) agreed to accept the deed in lieu of what was called for in the agreement, which he did not do, and cite Hollensteiner v. Anderson (1927), 78 Mont. 122, 252 P. 796. By these arguments, appellants attack the following conclusion of law made by the District Court:

> "3. Defendants, having been aware of the
> discrepancy between the agreement and the
> deed for some twelve years and having taken
> no action to have the deed corrected to conform
> to the agreement in that time, must be deemed
> to have acquiesced in the land description set
> forth in the deed, which effects a merger of
> the agreement description into and with the
> description of the deed, which precludes
> reformation." (Citing Schillinger v. Huber
> (1958), 133 Mont. 80, 320 P.2d 346.)

There is substantial evidence to support this conclusion and we will not reverse it on appeal. Blasdel v. Montana Power Company (1982), ___ Mont. ___, 640 P.2d 889, 39 St.Rep. 219. The facts here indicate that a signatory of the "Agreement" sent a deed with a different property description

to the plaintiff for signature. This deed was duly filed and appellants were charged with constructive notice thereof, section 70-21-302, MCA. Furthermore, appellant Fraser testified that plaintiff was keeping the land in the quarter section outside the subdivided lots as a "nest egg." Appellants' filing of the "Agreement" on August 6, 1969, indicates that the document was in their possession at that time and they cannot now be heard to argue that they were unaware of the differences in the property descriptions.

In Schillinger, supra, the purchaser accepted a deed which did not conform to a prior contract and the court found the contract to be merged into the deed. Schillinger is sufficiently on point to provide valid authority for the District Court's conclusion of law above and we uphold it here.

In the third issue, appellants argue that plaintiff was guilty of laches because she realized appellants claimed a one-half interest in all the property for 12 years and did nothing about it. We disagree. The exhibits and evidence adduced at trial indicated that plaintiff had been concerned about her interest in the property for quite a while. She wrote a number of letters to her lawyer, and other parties interested in the land, with little or no response thereto by the latter. These actions do not indicate that plaintiff sat on her rights so as to render enforcement thereof inequitable, Estate of Wallace (1980), ___ Mont. ___, 606 P.2d 136, 37 St.Rep. 158.

Affirmed.

_John L. Sheehy_
Justice

-9-

We Concur:

_____
Chief Justice

_____


_____


_____
Justices

-10-